RHINELANDER PAPER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 3, 1934—January 8, 1935.*

*Alfred E. La France* of Racine, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   On April 3, 1918, the defendant, Martin Miller, hereafter referred to as the claimant, sustained an injury to his left hand, which resulted in the amputation of the middle, ring, and little fingers at their distal joints.   While performing services growing out of and incidental to his employment with the plaintiff, Rhinelander Paper Company, claimant met with an accident which resulted in the amputation of the index, middle, and ring fingers of his left hand at their proximal joints.   The accident caused no injury to other portions of the hand or the surrounding tissues.   Plaintiffs contend that, in ascertaining the amount of compensation to be awarded, sec. 102.54, known as the minor permanent partial disability schedule, should be applied.   That schedule provides that—

"in cases included in the following schedule of lesser permanent partial disabilities the compensation to be paid for healing period and permanent disability, computed from the date of amputation, as the case may be, subject to the

provisions of this act for maximum and minimum payments, shall be sixty-five per cent of the average weekly earnings of the employee for the periods named in the following schedule, to wit: . . .

"3. The loss of an index finger at the proximal joint, thirty-five weeks; . . .

"7. The loss of a middle finger at the proximal joint, twenty-five weeks; . . .

"11. The loss of a ring finger at the proximal joint, fifteen weeks. . . ."

The commission claims that sec. 102.55 (5) gives it the discretion to award compensation as it may determine under sec. 102.52 or under sec. 102.54. The relevant portions of sec. 102.52 are as follows:

*"Major permanent partial disability schedule.* (a) In cases included in the following schedule of major permanent partial injuries, indemnity shall be paid for the healing period, and in additional thereto, where the employee is fifty years of age or less, for the period specified, at the rate of seventy per cent of the average weekly earnings of the employee, to be computed as provided in section 102.11; . . .

"7. The loss of all the fingers on one hand where the thumb and palm remain, one hundred forty weeks. . . ."

The material part of sec. 102.55 (5) is as follows:

"For all other injuries to the members of the body or its faculties which are specified in these schedules resulting in permanent disability, though the member be not actually severed or the faculty totally lost, compensation shall bear such relation to that named in these schedules as disabilities bear to those produced by injuries named in these schedules. Indemnity in such cases shall be determined by allowing weekly indemnity during the healing period," etc.

If the schedules be applied in accordance with the construction placed upon the statute by the commission, the plaintiff would be entitled to the same compensation as he would receive under the major permanent partial disability schedule, sec. 102.52, for the loss of all the fingers on one

hand, where the thumb and palm remain, which is one hundred forty weeks.

The trial court sustained the determination of the commission upon the authority of *Stoughton Wagon Co. v. Myre*, 163 Wis. 132, 157 N. W. 522. In that case the claimant sustained an injury to his eye, which resulted in the loss of four-fifths of the vision, and he was allowed four-fifths of the allowance provided in the schedule for total blindness to one eye. We hardly need to point out the distinction between that case and this. There a single member was injured, and he was allowed such proportion of the compensation award for the total loss of the member as the loss he sustained bore to the total loss. Here the claimant suffered a total loss of three members, and the statute prescribes the basis upon which compensation is to be awarded. Sec. 102.55 (5) applies only for "other injuries," meaning other injuries than those specified. The injury sustained by the claimant in this case is specified in the schedule, sec. 102.52. Therefore, this is not an "other injury." In this case the members were actually severed, and the compensation for the severed members being specifically provided for, there is no room for the application of the relative injury schedule.

The injuries sustained by the claimant in this case not being within the classification of "all other injuries" and the statute therefore not applicable, we need not consider other matters urged to sustain the construction contended for by plaintiffs.

The claimant being entitled to compensation as provided by sec. 102.54, which compensation by the terms of the section includes the healing period, he was not entitled to an additional allowance for healing period.

In this case we are asked to direct the circuit court to render judgment for an amount of compensation to be determined by this court. Appellant relies upon *Employers Mut.*

*L. Ins. Co. v. McCormick,* 195 Wis. 410, 217 N. W. 738. Sec. 102.23 provides that in an action to review an award the court may "confirm or set aside" the award. This court cannot direct the circuit court to do something it has no power to do. In the *Employers Mut. L. Ins. Co. Case* no question was raised as to the amount of the award or the claimant's right to compensation. The question was as to which one of three insurance carriers was liable. There was presented a pure question of law. The commission was in doubt as to its power to determine the issue. The mandate of this court directed entry of judgment against the proper insurance carrier. The power to make an award is in the Industrial Commission, not in the court. As to the award itself, the court can only confirm or set it aside. *Frank Martin-Laskin Co. v. Industrial Comm.* 180 Wis. 334, 193 N. W. 70.

*By the Court.*—The judgment appealed from is reversed, and cause remanded to the circuit court with directions to remand the record to the Industrial Commission for further proceedings.