WESTERN CONDENSING COMPANY and another, Appellants,
vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 14—April 9, 1940.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FOWLER, J. This is a workmen's compensation case. The only point at issue is the method of computing the appli-

cant's compensation for partial permanent disability. The injuries and the extent thereof are stipulated. The injuries were to the index, middle, ring, and little fingers of the right hand, all of which were injured. The injuries occurred in 1938, so that the 1937 statutes apply. The citations herein are all to those statutes.

Partial permanent disabilities are classified by the statutes as major and minor. Secs. 102.52, 102.54, Stats. Injuries to the fingers are in the minor class. Sec. 102.54. The statutes base the computation for specific injuries on a specified number of weeks. Sec. 102.55 specifies how in computing weeks sec. 102.54, covering injuries to the fingers, shall be applied. The three sections of the statutes above cited, so far as material under the contentions made, are set out in the margin, as is sec. 102.555, which we later refer to.[1]

---

[1] "Sec. 102.52 [Stats. 1937]. *Major permanent partial disability schedule.* (a) In cases included in the following schedule of major permanent partial injuries, indemnity shall be paid . . . where the employee is fifty years of age or less, for the period specified, at the rate of seventy per cent of the average weekly earnings of the employee. . . .

"7. The loss of all fingers on one hand where the thumb and palm remain, one hundred forty weeks. . . ."

"Sec. 102.54 [Stats. 1937]. *Minor permanent partial disability schedule.* In cases included in the following schedule of lesser permanent partial disabilities the compensation to be paid for . . . permanent disability . . . shall be sixty-five per cent of the average weekly earnings of the employee for the periods named in the following schedule to wit: . . .

"3. The loss of an index finger at the proximal joint, thirty-five weeks; . . .

"7. The loss of a middle finger at the proximal joint, twenty-five weeks;

"8. The loss of a middle finger at the second joint, fourteen weeks; . . .

"11. The loss of a ring finger at the proximal joint, fifteen weeks; . . .

"15. The loss of a little finger at the proximal joint, sixteen weeks. . . ."

"Sec. 102.55 [Stats. 1937]. *Application of minor permanent partial disability schedule.* . . . (2) In case an accident causes more than one permanent injury specified in section 102.54 to the hands or feet, the disability allowance for each additional injury, in the

Whenever the statutes prescribe the basis of computation for an injury, the statutory basis must be applied. *Rhinelander Paper Co. v. Industrial Comm.* 216 Wis. 623, 258 N. W. 384; *Consumers Coal & Fuel Oil Co. v. Industrial Comm.* 224 Wis. 363, 271 N. W. 641, 272 N. W. 463. Applying sec. 102.54, Stats., according to sec. 102.55 to the stipulated instant injuries, there is no difficulty or doubt how the weekly loss attributable to the applicant's injuries to his ring, little, and index fingers must be computed. These fingers were not amputated and eighty per cent of the weeks designated by sub. (2) of sec. 102.55 is taken.

order of the severity of such injuries from minimum to maximum, shall be increased as follows: For the first additional injury the allowance specified in said paragraph plus ten per cent, for the second additional injury, and for each other additional injury, the allowance specified in said paragraph plus twenty per cent.

"(3) Whenever amputation of a member is made between any two joints mentioned in the schedules in sections 102.52 and 102.54 the determined loss and resultant indemnity therefor shall bear such relation to the loss and indemnity applicable in case of amputation at the joint next nearer the body as such injury bears to one of amputation at the joint nearer the body. . . .

"(5) For all other injuries to the members of the body or its faculties which are specified in these schedules resulting in permanent disability, though the member be not actually severed or the faculty totally lost, compensation shall bear such relation to that named in these schedules as disabilities bear to those produced by the injuries named in these schedules. Indemnity in such cases shall be determined by allowing weekly indemnity during the healing period resulting from the injury and the percentage of permanent disability resulting thereafter as found by the commission. For such computation the permanent disability period for injuries named in the schedule in section 102.54 shall be taken at eighty per cent thereof. . . ."

"Sec. 102.555 [Stats. 1937]. *Disability under both major and minor schedules; computation of benefits.* In cases involving disability, one or more of which is included in the schedule under section 102.52 and one or more in the schedule under sections 102.54 and 102.55, the number of weeks to be paid under each of such sections shall be computed separately under the provisions of the applicable section and added to each other. To such result there shall be added twenty per cent of the number of weeks to become payable under the provisions of sections 102.54 and 102.55. In all cases under this section indemnity shall be paid for the healing period in addition to indemnity provided for permanent disability, but only one healing period shall be allowed in any such case."

Sec. 102.55 (5). For the loss of a single finger at the proximal joint the statute fixes the loss at a specified number of weeks. Sec. 102.54. In case of injury to two fingers, for the greater injury ten per cent is added to the amount the injury would carry if it were the only injury. Sec. 102.55 (2). Where there are more than two fingers injured, twenty per cent is added to the amount the finger would carry if it were the only one injured. Sec. 102.55 (2). On this basis the allowance for the stipulated losses, attributable to these three fingers, expressed in weeks, is as follows: *Ring finger:* The loss is stipulated at sixty-five per cent of the loss at the proximal joint. Loss at proximal joint is 15 weeks. Sec. 102.54, 11. Sixty-five per cent times 15 times eighty per cent equals 7.8 weeks. *Little finger:* The loss is stipulated at seventy per cent of loss at proximal joint. Loss at proximal joint is 16 weeks. Sec. 102.54, 15. Seventy per cent times sixteen equals 11.20 weeks. Add to this 1.12 weeks (ten per cent) equals 12.32 weeks. Eighty per cent of 12.32 weeks equals 9.856 weeks. *Index finger:* The loss is stipulated at forty-five per cent of loss at proximal joint. Loss at proximal joint is 35 weeks. Sec. 102.54, 3. Forty-five per cent times thirty-five equals 15.75 weeks. Add 3.15 (twenty per cent) equals 18.90 weeks. Eighty per cent times 18.90 equals 15.12 weeks.

Computation of the loss consequent on amputation of the middle finger is more difficult. The finger being amputated, it is a specified schedule injury and must be computed under sec. 102.55 (3), Stats. *Rhinelander Paper Co. v. Industrial Comm., supra.* It is stipulated by the parties that the loss due to the amputation was that at "amputation at the second [joint] plus three fifths of the proximal phalanx and a fifteen per cent permanent disability to the remaining portion of the proximal phalanx." The loss attributable to amputation at the proximal joint is 25 weeks, sec. 102.54, 7; that attributable to amputation at the second joint is 14 weeks. Sec. 102.54, 8. Thus 11 weeks are attributable to

the loss of the proximal phalanx. As by stipulation the amputation took off three fifths or sixty per cent of the proximal phalanx, sixty per cent of 11 weeks, or 6.6 weeks must be added to the 14 weeks, which gives 20.6 weeks. As two fifths or forty per cent of the phalanx remained and this was disabled fifteen per cent, to get the loss attributable to this we must take forty per cent of 11 weeks times fifteen per cent, or .66 weeks; .66 weeks times eighty per cent equals .528 as the loss attributable to this item; 20.6 weeks plus .528 weeks, equals 21.128 weeks. Adding twenty per cent, 4.2256, gives 25.353 weeks, the total attributable to the amputated middle finger. The total number of weeks attributable to all fingers is 7.8 weeks plus 9.856 plus 25.353 plus 15.12 equals 58.129 weeks. The injury occurred in 1938. The applicant's compensation is fixed by the statute then existing, sec. 102.52, Stats. 1937, by multiplying sixty-five per cent of his weekly wage, which was $19.60 by the total number of weeks as above computed.

The commission did not compute the award according to the statutory schedules, but followed a schedule of its own creation, and did as it did in *Consumers Coal & Fuel Oil Co. v. Industrial Comm., supra.* We there held that the commission must follow the statutory method of computation. The like was held in *Rhinelander Paper Co. v. Industrial Comm., supra.* Justification for using the method here taken is urged on the ground that it has been followed for twenty-two years. This contention was made and rejected in the *Consumers Coal & Fuel Oil Co. Case, supra.* The departure there involved not being justifiable, that here involved is not. As the commission departed from the statutes in making its computation, its computation was necessarily wrong.

Although the above is sufficient to rule the case we should perhaps refer to the reason of the commission for departure from the statutory schedule for minor permanent disabilities. It construed sub. (5) of sec. 102.55, Stats., to authorize it to consider the injuries to the fingers in the instant case as

injuries to the whole hand and to compute them according to the major partial permanent disability schedule which allows one hundred forty weeks for loss of all fingers at the proximal joint, leaving only the thumb and palm. We cannot construe this provision as so permitting. Sec. 102.55 declares how· the schedule for minor injuries shall be applied. So far as it expressly refers to specific injuries, it first declares by sub. (2) how the allowance for injuries to more than one finger shall be computed. It next by sub. (3) declares how amputation of fingers between joints shall be computed. It next by sub. (4) declares how total permanent paralysis of fingers shall be computed. Sub. (5) then provides that in case of all other injuries to the fingers resulting in permanent disability, though the fingers be not amputated or their faculties be not wholly lost, the compensation shall be proportionate to the injuries specifically named in the schedules. The only specific injuries to the fingers named in the schedule is loss at a joint. It follows that injuries to fingers not constituting loss at a joint must be computed proportionately to those named in the schedule. Indemnity in such cases "shall be determined by allowing . . . the percentage of permanent disability resulting thereafter as found by the commission." When the commission has found the percentage of permanent disability resulting from an injury to a finger it has exhausted its power to determine the proportionate loss conferred upon it by the statute, and from thence on the compensation must be computed according to the minor permanent disability schedule. In the instant case the stipulation of the parties fixed the "percentage" of disability resulting from the injury to each finger, and this stipulation takes the place of a finding by the commission of such percentage. The doctors disagreed as to the extent of the permanent disability to the individual fingers. But for the stipulation of the parties the commission would have determined this percentage. The commission accepted the stipulation and from this point on there was nothing for it to

do but to apply the minor injury schedule. The commission used one hundred forty weeks in their computation on the basis that all four fingers were lost at a proximal joint and only the thumb and palm of the hand were left, whereas none of the fingers was lost at that joint. There was thus no basis for dragging in the one hundred forty weeks.

We are not unmindful of the contention of respondent that sec. 102.555, Stats., authorizes the commission to apply sec. 102.52 (a), 7, of the major injury schedule prescribing one hundred forty weeks for loss of all fingers of the hand where only thumb and palm of the hand remain. But we have no such injury here. None of the fingers of the hands are lost. One of them is amputated between the proximal and second joints with two fifths of the faculties remaining, and all the others remain with specified portions of their faculties retained. The only case which we can perceive in which division 7 of sec. 102.52 would come into play is where total paralysis is declared equivalent to loss at the proximal joint. This would carry the injury into the major schedule. If there were a complete loss of use of all the fingers otherwise than by paralysis, if that is conceivable, this also might throw the injury into the major schedule. But sec. 102.555 does not come into play at all unless there are both major and minor partial permanent disabilities. Then twenty per cent is added to the sum of the weekly loss as separately computed by the minor and major injury schedules. In this case neither the one hundred forty weeks attributable to loss of all fingers at the proximal joint applies because there was no such loss, and the twenty per cent provision of sec. 102.555 does not apply because there was no major partial permanent disability.

*By the Court.*—The judgment of the circuit court is reversed, and the record is remanded with instructions to enter judgment fixing the amount of the award in accordance with this opinion.