Argued May 24; reversed June 5; rehearing denied June 18, 1940

## GRAHAM *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### (102 P. (2d) 927)

Department 1.

*H. Lawrence Lister,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Oliver Crowther and C. S. Emmons, Assistant Attorneys General, on the brief), for appellant.

*Victor R. Griggs,* of Portland (Gunther F. Krause, of Portland, on the brief), for respondent.

BELT, J. Plaintiff sustained an injury to the thumb of his left hand while working for the Fir-Tex Insulating Board Co. The State Industrial Accident Commission made its final award allowing claimant compensation under the Workmen's Compensation Act, on the basis of permanent partial disability of 12° or 50 per cent loss of function of his thumb. After denial of his petition for rehearing, plaintiff appealed to the circuit court.

Plaintiff alleges in his complaint:

"That by reason of the said accidental injury and as the proximate result thereof, plaintiff suffered a total loss of function of the thumb of his left hand and that by reason of having, prior to said injury, suffered other injuries to his left hand which resulted in the severance of one joint of the second finger and caused the remainder of said finger to be stiff, the third finger to be stiff and of no use, and the small finger to be of little, if any, use, plaintiff is informed and believes and alleges that said disability by reason of the effect upon his entire hand constitutes an injury known in surgery as a permanent partial disability equivalent to eighty per cent of the loss of function of a hand."

Plaintiff contended that, by reason of prior injuries to his fingers, and the injury to his thumb, compensation should be awarded on the basis of disability to his hand. The commission asserted that, under the statute (§ 49-1827.6, Oregon Code Supplement 1935), the claimant could be allowed compensation only for the injury to his thumb.

The defendant commission introduced no evidence. At the conclusion of plaintiff's case, both parties moved for a directed verdict. The court directed the jury to award compensation for permanent partial disability equivalent to 70 per cent loss of function of claimant's left hand. The defendant commission appeals.

 The legal principles controlling herein were announced by this court in *Kajundzich v. State Industrial Accident Commission,* this day decided. In that case claimant sustained an injury to his foot which resulted in disability to the leg. It was alleged and there was some substantial evidence tending to show that the injury to the sciatic nerve extended to the leg and thereby impaired its use. Under such unusual conditions the court sustained an award based on the loss of function of the leg. In the instant case it is not alleged nor is there any evidence tending to show resulting injury to the hand. The statute above mentioned provides compensation for the specific injury of which the claimant complains. Neither the commission nor the court could go beyond its terms. Where a workman's injury is confined to his thumb and there are no unusual or unexpected complications attending injury, compensation for disability resulting from such injury cannot be made on the basis of an injury to the hand. *Rhinelander Paper Co. v. Industrial Commission,* 216 Wis. 623, 258 N. W. 384. Also see other cases cited in *Kajundzich v. State Industrial Accident Commission,* supra. *Greseck v. Farmers Union Elev. Co.,* 123 Neb. 755, 243 N. W. 898, is particularly in point. The court said:

"It is a matter of common knowledge that, when one's finger is severely lacerated and fractured, a consequential impairment of the usefulness of the hand follows, at least during the healing period. The same finger injury exerts a similar influence upon the arm, but in a lesser degree. In such cases, barring unexpected complications, the disability to the injured finger is greater than to the hand, and greater to the hand than to the arm, and in those states where workmen's compensation laws have been adopted, with classifications of injuries and schedule of compensations similar to those

in Nebraska, it is generally held that it is the disability to the injured finger, and not the consequential disability to the hand, which governs the compensation to be paid, and such in effect has been the holding of this court.''

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the defendant commission.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.