Argued December 14, 1970, reversed and remanded
January 7, 1971

GRUDLE, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*

479 P2d 250

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Robert J. Morgan*, Milwaukie, argued the cause for respondent. On the brief were Erlandson & Morgan and Ralf H. Erlandson, Milwaukie.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This appeal is taken by the State Accident Insurance Fund from a judgment of the Circuit Court for Clackamas County awarding the claimant-workman permanent partial disability equal to 50 per cent of complete loss of all five digits of his left hand. The workman suffered a partial loss by amputation of his left thumb and left index finger and also sustained

injury to his left middle finger while operating a power saw. The remaining two fingers of his left hand were uninjured, though it is undisputed that they suffered loss of effective opposition.

The appeal requires that we construe and apply certain portions of a statute, ORS 656.214, which provides in its relevant sections as follows:

"Permanent partial disability.
"* * * * * *

"(2) When permanent partial disability results from an injury, the workman shall receive $55 for each degree stated against such disability as follows:
"* * * * * *

"(b) For the loss of one forearm at or above the wrist joint, or complete loss of all five digits, 150 degrees, or a proportion thereof for losses less than a complete loss.
"* * * * * *

"(j) For the loss of a thumb, 48 degrees, or a proportion thereof for losses less than a complete loss.

"(k) For the loss of a first finger, 24 degrees, or a proportion thereof for losses less than a complete loss; of a second finger, 22 degrees, or a proportion thereof for losses less than a complete loss; of a third finger, 10 degrees, or a proportion thereof for losses less than a complete loss; of a fourth finger, 6 degrees, or a proportion thereof for losses less than a complete loss.

"(3) * * * A proportionate loss of use may be allowed for an uninjured finger or thumb where there has been a loss of effective opposition."

Claimant contends that the circuit court made a proper determination and award on the ground that, where a workman sustains loss to more than one digit of a hand, subsection (2)(b) of ORS 656.214 applies. On

the other hand, the Fund argues that, since ORS 656.214 (2)(j) and (k) specifically provide for the loss of thumbs and fingers, those sections are the exclusive remedies in any case where fewer than all five digits of a hand are actually injured.[1]

■ In support of his contention claimant urges that the phrase "or a proportion thereof for losses less than a complete loss" in ORS 656.214 (2)(b) means a loss to fewer than "all five digits." We cannot agree. Each one of subsections (2)(a) to (e) and (2)(j) and (k) contains this identical language following the designation of a particular body member and the maximum degree award allowed for loss of such member. Each subsection begins, as does (2)(b), with the words "For the loss of" followed by the name of the body member. However, subsection (2)(b) contains an additional provision which reads "or *complete* loss of *all* five digits." (Emphasis supplied.) We interpret this single exception in the otherwise identical wording of these subsections to mean that the legislature contemplated an injury which severed or otherwise damaged each and every digit on a hand. The words "or a proportion thereof for losses less than a complete loss" refer to the degree of the injury, not the number of digits injured.

■ The original enactment from which ORS 656.214 (2)(b) derives, Oregon Laws 1913, ch 112, § 21(f), provided for the loss of a hand. Prior to its amendment in 1957, ORS 656.214 (2)(b) referred to the loss of a hand. In 1957 the word "hand" was deleted and the words "forearm" and "all five digits" were substituted. See Oregon Laws 1957, ch 449, § 1. Since

---

[1] The difference in possible awards under the two contentions: For complete loss of all five digits, 150 degrees; for total of individual digital losses including thumb, 110 degrees.

1913 there have been separate provisions for loss of thumbs and fingers. In light of this development, we are persuaded that under ORS 656.214 (2)(b) the loss of "all five digits" is equivalent to what was formerly the loss of a hand and that where fewer than five digits on one hand are injured compensation can be awarded only in accordance with ORS 656.214 (2)(j) and (k).

Numerous other jurisdictions view this problem in somewhat the same way that we do. Arthur Larson states in 2 Larson, Workmen's Compensation Law 88.61-88.64, § 58.20 (1970), that:

> "When, however, there has been a clean-cut loss of a scheduled member, with no complications, many jurisdictions hold that the schedule allowance for that member is exclusive. [Cases cited in footnote.] Under these holdings, simple loss of fingers is compensated strictly on the schedule value of the fingers, not on the basis of loss or partial loss of use of the hand [Cases cited in footnote.] * * *."

■ Claimant suggests that the loss of effective opposition suffered by the two uninjured fingers of his left hand should be considered in making an award under ORS 656.214 (2)(b). We acknowledge that he has a valid claim to compensation for such a loss. ORS 656.214 (3) provides that

> "* * * A proportionate loss of use may be allowed for an uninjured finger or thumb where there has been a loss of effective opposition."

However, such a loss to any one or more otherwise uninjured digits of a hand, where the remaining digits are actually injured, does not bring the total loss to one affecting "all five digits" within the meaning of subsection (2)(b) of ORS 656.214. To accept claimant's interpretation would require us to hold that

where a workman suffers the loss of a thumb only, he. would be entitled to compensation under ORS 656.214 (2)(b) because each of his four uninjured fingers would have sustained a loss of effective opposition. See *Graham v. State Ind. Acc. Com.*, 164 Or 626, 102 P2d 927 (1940).

The hearing officer was of the opinion that when more than one digit of a hand is injured the workman suffers a disability of the hand greater than the arithmetical total of the injuries to each digit. The circuit court apparently agreed with the hearing officer. In *Graham v. State Ind. Acc. Com.*, supra, the Oregon Supreme Court cited with approval the following language from *Greseck v. Farmers Union Elevator Co.*, 123 Neb 755, 243 NW 898 (1932):

> " 'It is a matter of common knowledge that, when one's finger is severely lacerated and fractured, a consequential impairment of the usefulness of the hand follows, at least during the healing period. The same finger injury exerts a similar influence upon the arm, but in a lesser degree. In such cases, barring unexpected complications, the disability to the injured finger is greater than to the hand, and greater to the hand than to the arm, and in those states where workmen's compensation laws have been adopted, with classifications of injuries and schedule of compensations similar to those in Nebraska, it is generally held that it is the disability to the injured finger, and not the consequential disability to the hand, which governs the compensation to be paid, and such in effect has been the holding of this court.' " 164 Or at 628-29.

Holding that the circuit court erred in making the award it did, we must determine the proper measure of compensation for claimant. The Closing and Evaluation Division of the Workmen's Compen-

sation Board ordered an award of permanent partial disability equal to:

50 per cent loss left thumb by amputation;
75 per cent loss left index finger by amputation;
50 per cent loss left middle finger;
15 per cent loss left ring finger for loss of opposition;
10 per cent loss little finger for loss of opposition.

On review the Workmen's Compensation Board set aside the hearing officer's award based upon ORS 656.214 (2)(b) and reinstated the order of the Closing and Evaluation Division. Since there is no showing that any one digit suffered a greater disability than that found by the Closing and Evaluation Division, we conclude that its award as set out above is a proper one.

■ The Fund claims that the circuit court erred in awarding claimant's attorney a fee of $750, payable by the Fund (then State Compensation Department). Both parties cite ORS 656.386 in support of their respective positions on this issue. That statute provides:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court *from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases* where the claimant prevails finally in a hearing before the hearing officer or in a review by the board itself, then the hearing officer or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the hearing officer or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial

Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer.

"(2) In all other cases attorneys' fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382." (Emphasis supplied.)

Claimant was not denied his claim for compensation. His case was not a rejected one. He appealed from the award made by the Workmen's Compensation Board, asserting that the amount of the award should have been greater in accordance with what he considered to be the applicable section of the statute. ORS 656.386 (1) does not apply to these circumstances. See also, *Peterson v. Compensation Dept.*, 257 Or 369, 477 P2d 216 (1970).

The circuit court's order is reversed, and the case is remanded for reinstatement of the Closing and Evaluation Division award and for the allowance of attorney fees under ORS 656.386 (2). No attorney fees or costs shall be allowed in this court.

Reversed and remanded.

FORT, J., dissenting.

The majority concludes that ORS 656.214 (2)(b) does not apply to this type of injury, and relies on *Graham v. State Ind. Acc. Com.*, 164 Or 626, 102 P2d 927 (1940).

At the time *Graham* was decided, the statute read:

"For the loss by separation of one [1] hand at or above the wrist joint, or the permanent and complete loss of the use of one [1] hand, seventy-six [76] degrees." 5 Oregon Code Annotated (1935 Supp), § 49.1827.6.

· In 1957, the legislature amended the law to provide:

"For the loss *by separation* of one forearm at or above the wrist joint, or *complete loss by separation of all five digits*, 150 degrees, or for the permanent and complete loss of the use of one forearm, 121 degrees." (Italics supplied.) Oregon Laws 1957, ch 449, pp 633-34.

In 1965, the legislature adopted the present Workmen's Compensation Act, and continued the 1957 provision therein.

By Oregon Laws 1967, ch 529, p 1240, the legislature amended ORS 656.214 (2)(b) to read:

"For the loss ~~[by separation]~~ of one forearm at or above the wrist joint, or complete loss ~~[by separation]~~ of all five digits, 150 degrees, *or a proportion thereof for losses less than a complete loss* ~~[, or for the permanent and complete loss of the use of one forearm, 121 degrees]~~ ." Material in brackets was omitted and italicized material added by the legislature.

Thus, since *Graham*, (ORS 656.214 (2)(b)), the law has gone from a provision requiring "loss by separation of one hand at or above the wrist joint or permanent and complete loss of the use of one hand," to "loss by separation of one forearm at or above the wrist joint, or complete loss by separation of all five digits" in 1957, and then in 1967 to "the loss of one forearm at or above the wrist joint or complete loss of all five digits * * *, or a proportion thereof for losses less than a complete loss."

By Oregon Laws 1957, ch 449, p 635, the legislature amended ORS 656.214 (3), which provides further guidance concerning digit injuries, by adding thereto the following:

"* * * A proportionate loss of use may be al-

lowed for an uninjured finger or thumb where there has been a loss of effective opposition."

Here it is undisputed that the workman, under the foregoing statutory tests, sustained functional impairment with respect to all five of his digits. The award made by this court expressly so holds by making a separate award for each of the five digits.

Nothing in ORS 656.214 (2)(j) and (k) deals with a case where "all five digits" sustain functional impairment. ORS 656.214 (2)(b), on the contrary, by its express terms, is made applicable to that situation.

Ordinary rules of statutory construction would therefore require that an injury to all five digits be treated under ORS 656.214 (2)(b), and injuries to less than all five digits be treated under ORS 656.214 (2) (j) and (k). Accordingly, I would affirm the trial court, and respectfully record my dissent.