Argued July 22, affirmed October 19, 1971

MORRIS, *Respondent, v.* GEORGIA-PACIFIC
CORPORATION, *Appellant.*

489 P2d 996

*Andrew F. Fink,* Portland, argued the cause for appellant. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, and Robert E. Joseph, Jr., Portland.

*Fred Allen,* Portland, argued the cause and filed the brief for respondent.

Before Langtry, Presiding Judge, and Foley and Fort, Judges.

FORT, J.

This case presents the question whether, when the index, middle and ring fingers are injured and a separate award for each is made, a claimant may be additionally entitled to an award for loss of effective opposition with respect to the uninjured thumb.

Both the claim and evaluation division and the board itself concluded such an award was not allowable, the board stating:

"\* \* \* A value cannot be established for an injured finger and a compounding award added for loss of opposition by that finger."

The hearing officer and the circuit court concluded that there was a loss of effective opposition and made an award of 24 degrees therefor, in addition to the award for the three fingers. The hearing officer, the board and the circuit court all agreed that claimant was entitled to an award of 12 degrees for injury to the index finger, 11 degrees for the middle and 5 degrees for the ring finger.

In *Grudle v. S.A.I.F.*, 4 Or App 326, 479 P2d 250 (1971), we considered a case where there was injury to the thumb, index and middle fingers. Concerning loss of opposition, we said:

"Claimant suggests that the loss of effective opposition suffered by the two uninjured fingers of his left hand should be considered in making an award under ORS 656.214 (2) (b). We acknowledge that he has a valid claim to compensation for such a loss. ORS 656.214 (3) provides that

" '* * * A proportionate loss of use may be allowed for an uninjured finger or thumb where there has been a loss of effective opposition.' " 4 Or App at 330.

■ There the claimant in addition to an individual award for injuries to each of the three injured members sought also an award for loss of effective opposition between the injured thumb and the two uninjured fingers. We approved an award of loss of effective opposition between each of the uninjured fingers and the injured thumb. We adhere to that holding.

Here appellant further urges us in our de novo review to overturn the finding of the hearing officer and the trial court that on the facts here claimant is entitled to an award for loss of opposition. This contention is largely based on the medical testimony.

The workwoman was employed prior to her injury as a utility worker in one of defendant's plants. This job included both cleanup duties and relief of persons working on other jobs in the plant. After the injury she continued doing this work for a time and then was transferred to work on the green chain and then to offbearer on the clipper chain.

The extensive testimony of the injured workwoman satisfies us there was substantial loss of effective opposition, and as a result itself constituted a substantial limitation on her ability to perform the work.

■ We give weight to the findings of the hearing officer who personally observed the claimant. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). We,

too, conclude that the claimant is entitled to an award of 24 degrees in addition to the award of 12 degrees for the index finger, 11 degrees for the middle finger and 5 degrees for the ring finger.

The judgment is affirmed.