SMITH, *Respondent - Cross-Appellant,*

*v.*

AMALGAMATED SUGAR COMPANY,
*Appellant - Cross-Respondent.*

(No. 13,608L, CA 5239)

548 P2d 1329

*Harold Henigson,* Nyssa, argued the cause for appellant - cross-respondent. With him on the briefs were Henigson, Stunz & Fonda, Nyssa.

*Carl Burnham,* Ontario, argued the cause for respondent - cross-appellant. With him on the brief were Yturri, O'Kief, Rose & Burnham, Ontario.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Following a compensable injury to his wrist, claimant ultimately received a determination order in April 1973, awarding him 22.5 degrees permanent partial disability. Claimant experienced continuing pain and swelling in his wrist during the following months. In August 1973 claimant: (1) was examined by a doctor who recommended surgery to relieve the pain; and (2) requested a hearing on the April determination order. The referee, Workmen's Compensation Board and circuit court all successively determined that claimant was entitled to additional temporary total disability payments and additional medical payments for the surgery that was ultimately performed in November 1973.

In issue on this appeal are the questions of the duration of the temporary disability payments and of whether penalties and attorney fees should be assessed against the employer.

The referee and circuit court ordered temporary disability payments from May 1, 1973—the date claimant attempted to return to work but was unable to work because of pain and swelling in his wrist. The Board ordered temporary disability payments from August 21, 1973—the date claimant was examined by the doctor who recommended surgery. These different results were based upon application of ORS 656.325(2) which provides that the "right to compensation shall be suspended" during "any period of time during which any workman commits * * * injurious practices which tend to either imperil or retard his recovery * * *." The Board reasoned this statute was applicable because claimant engaged in the "injurious practice" of not seeking medical advice or treatment for about four months while his wrist was sore and swollen.

Assuming without deciding that the phrase "injurious practices" as used in ORS 656.325(2) includes failure to act in addition to specific actions, we cannot

agree with the Board. At the conclusion of the initial treatment of his injury, claimant's physician told him there would be residual pain and swelling that would abate gradually. Moreover, claimant was informed by the determination order that he was 22.5 degrees permanently disabled. On these facts we do not believe that the four-month delay in seeking further medical treatment was unreasonable.

The penalties issue arises under ORS 656.262(8) which provides:

> "If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

The relevant facts are that on August 7 claimant sent a request for hearing on the April determination order, ORS 656.283(1), to the Workmen's Compensation Board stating he was "in need of further medical treatment and temporary disability payments." On August 21 claimant was examined by the physician who recommended remedial surgery. Apparently, about this same time, the employer's attorney learned of claimant's problems and requested another medical examination. The employer's doctor examined claimant on October 15, the employer authorized surgery on October 16, and the operation was performed November 1.

■   We hold ORS 656.262(8) does not apply to these facts. Under that statute, there must be compensation due or a claim made. Here the compensation due was fixed by the April determination order. Unless and until that order was modified in subsequent proceedings, the employer was under no obligation to pay more compensation, absent a new "claim."

■   Under the law in effect at the time, August 1973, when a claimant experienced additional problems

within one year of a determination order, he had three options: (1) he could request a hearing, ORS 656.283(1), which is an appeal heard by a referee; (2) he could make an aggravation claim, ORS 656.273; or (3) if appropriate, he could make a claim under ORS 656.245(1) for additional medical expenses.[1] The latter two possibilities are "claims" within the meaning of ORS 656.262(8). They are presented to the employer, and they can be the basis for assessment of penalties if the employer unreasonably delays acceptance or denial. The first possibility, i.e., an appeal, is not a claim within the meaning of ORS 656.262(8); it is not presented to the employer; it is presented to the Workmen's Compensation Board. An employer's failure to capitulate upon learning of a claimant's ORS 656.283(1)-appeal cannot be the basis for the assessment of penalties.

Here claimant could have proceeded under ORS 656.273 (aggravation) or under ORS 656.245(1) (additional medical expenses). He did not do so; instead, he appealed under ORS 656.283(1). Under the statutory scheme, it is a legal impossibility for penalties to be assessed under the procedure claimant chose.

The remaining issues concern attorney fees. The referee, Board and circuit court all ordered employer to pay claimant's counsel a reasonable attorney fee for services rendered at the hearing. The basis for the award is not clear from the record. Although there are several statutes which allow attorney fees in addition to compensation, none of them applies here.

As we held above, ORS 656.262(8) is not relevant to the facts of this case. ORS 656.382[2] is not applicable

---

[1] Under the 1975 law (Oregon Laws 1975, ch 497, § 1, p 1075), a physician's report indicating a need for further medical services or additional compensation is itself a claim for aggravation. ORS 656.273(3).

[2] "(1) If a direct responsibility employer or the State Accident Insurance Fund refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or fund shall pay to the claimant or his attor-

here since the employer neither refused to pay compensation due, nor unreasonably resisted the payment of compensation, nor requested the hearing before the referee. ORS 656.386[3] relates to fees at the hearings level only in instances in which a claim is rejected which was not the case here. Finally, ORS 656.301[4] concerns appeals from the circuit court. Therefore, an award of attorney fees covering the hearing before the referee was improper.

In addition, the circuit court awarded attorney fees to claimant under ORS 656.386 for his appeal to that court. This also constituted error.

ney a reasonable attorney's fee as provided in subsection (2) of this section. To the extent a contributing employer has caused the fund to be charged such fees, such employer may be charged with those fees.

"(2) If a request for hearing, request for review or court appeal is initiated by an employer or the fund, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or fund shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal." ORS 656.382(1) and (2).

[3] "(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer.

"(2) In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382." ORS 656.386.

[4] "In case of an appeal by the State Accident Insurance Fund or employer from an adverse decision of the circuit court, if the judgment of the circuit court is affirmed, the claimant shall be allowed attorney fees to be fixed by the court and to be paid by the party initiating the appeal, in addition to the compensation." ORS 656.301(2).

ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer."

The case at hand is analogous to *Grudle v. S.A.I.F.,* 4 Or App 326, 479 P2d 250 (1971), in which we stated:

"Claimant was not denied his claim for compensation. His case was not a rejected one. He appealed from the award made by the Workmen's Compensation Board, asserting that the amount of the award should have been greater * * *. ORS 656.386(1) does not apply to these circumstances * * *." 4 Or App at 333.

■ The circuit court was correct in awarding temporary total disability payments to claimant from May 1, 1973, and in reversing the Board's award of additional compensation as a penalty. The circuit court erred, though, in allowing any attorney fees to claimant.

Affirmed in part; reversed in part.