Argued April 26, affirmed July 5, 1978

VANDEHEY, *Petitioner,*

*v.*

PUMILITE GLASS & BUILDING COMPANY,
*Respondent.*

(No. 76-5286, CA 9837)

580 P2d 1068

Dan O'Leary, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Don G. Swink, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

In this workers' compensation case, we are faced with a single legal issue: under ORS 656.386, and after claimant has sought a hearing on the existence of a need for further medical evaluation or treatment, may he send a doctor's report supporting his contention to the employer and be entitled to an award of attorney's fees if the report is not treated by the employer as a new claim?

The factual setting of this case is not disputed. Claimant suffered a compensable injury in 1969. The claim from this injury was originally closed in 1970 with no permanent partial disability awarded. The claim was reopened subsequently and, on September 1, 1976, a second determination order was entered closing the claim and awarding 15 percent unscheduled disability. Claimant requested a hearing on September 29, 1976. The request stated that the issues would be whether "claimant is in need of further medical treatment and temporary disability payments," and whether "the amount of claimant's permanent disability is greater than that awarded."

On January 13, 1977, claimant's attorney sent to the referee a copy of a medical report on claimant done by Dr. Hickman, a psychologist. The report suggested that claimant could be saved from permanent total disability only by psychological counseling. A plan of treatment was outlined. A cover letter from the doctor to claimant's attorney accompanied his report. A copy of the doctor's report and the cover letter was sent to employer's attorney. On the cover letter claimant's attorney added the following separate typewritten statement:

"Please consider this a claim for re-opening Mr. Vandehey's claim for the treatment outlined in Dr. Hickman's report. Please commence ttd within 14 days or otherwise advise."

Employer did not respond to this correspondence.

The hearing requested on September 29, 1976, was

held on February 1, 1977. The referee entered his opinion on March 24, 1977, reopening claimant's claim for the treatment specified in Dr. Hickman's report. Temporary total disability was ordered to be paid retroactive to January 4, 1977 (the date of Dr. Hickman's report). The referee ordered claimant to pay his attorney fees out of his compensation rather than ordering employer to pay the fees. On request for reconsideration, the referee refused to change his order concerning attorney fees. The Workers' Compensation Board affirmed the referee's opinion. Claimant appeals. We affirm.

The only issue presented is whether claimant should be required to pay his attorney fees out of his compensation or whether employer should pay.

Claimant's best argument[1] for the award of attorney fees is based on ORS 656.386(1), which states:

"In all cases involving accidental injuries where a claimant prevails in an appeal to the Court of Appeals from a board order denying his claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. *In such rejected cases* where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee; however, in the event a dispute arises as to the amount allowed by

---

[1]Claimant also suggests that he is entitled to attorney fees under ORS 656.382(1), which provides:

"If a direct responsibility employer or the State Accident Insurance Fund refuses to. pay compensation due under an order of a referee, board or court, *or otherwise unreasonably resists the payment of compensation,* the employer or fund shall pay to the claimant or his attorney a reasonable attorney's fee as provided in subsection (2) of this section. To the extend a contributing employer has caused the fund to be charged such fees, such employer may be charged with those fees." (Emphasis added.)

If Claimant's basic contention (that the cover letter along with Dr. Hickman's report constitutes a new claim) is valid then claimant might be entitled to attorney fees under either ORS 656.386(1) or 656.382(1). Granting attorney fees under ORS 656.386(1) would seem more straightforward since it requires no finding of unreasonableness. Because we hold that there was no "claim" filed, however, any suggestion of unreasonable resistance under ORS 656.382(1) is moot.

the referee or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer." (Emphasis added.)

Claimant argues that this statute applies here and that claimant should have been awarded attorney fees. Employer suggests that this statute does not apply because what claimant did in this case was appeal from the second determination order, not file a new claim.

In *Smith v. Amalgamated Sugar Co.,* 25 Or App 243, 548 P2d 1329 (1976), this court held that it was improper to grant attorney fees or penalties to a claimant who had appealed from a determination order. We dealt at greater length with the question of penalties under ORS 656.262(8), but the language is broad enough to apply to attorney fees under ORS 656.386(1):

"Under the law in effect at the time, August, 1973, when a claimant experienced additional problems within one year of a determination order, he had three options: (1) he could request a hearing, ORS 656.283(1), which is an appeal heard by a referee; (2) he could make an aggravation claim, ORS 656.273; or (3) if appropriate, he could make a claim under ORS 656.245(1) for additional medical expenses. The latter two possibilities are 'claims' within the meaning of ORS 656.262(8). They are presented to the employer, and they can be the basis for assessment of penalties if the employer unreasonably delays acceptance or denial. The first possibility, i.e., an appeal, is not a claim within the meaning of ORS 656.262(8); it is not presented to the employer; it is presented to the Workmen's Compensation Board. An employer's failure to capitulate upon learning of a claimant's ORS 656.283(1)—appeal cannot be the basis for the assessment of penalties.

"Here claimant could have proceeded under ORS 656.273 (aggravation) or under ORS 656.245(1) (addi-

tional medical expenses). He did not do so; instead, he appealed under ORS 656.283(1). Under the statutory scheme, it is a legal impossibility for penalties to be assessed under the procedure claimant chose."[2] *Smith v. Amalgamated Sugar Co., supra,* 25 Or App at 246-47.

In rejecting the claim in *Smith* for attorney fees under ORS 656.382(1), we said:

"The case at hand is analogous to *Grudle v. SAIF,* 4 Or App 326, 479 P2d 250 (1971), in which we stated: 'Claimant was not denied his claim for compensation. His case was not a rejected one. He appealed from the award made by the Workmen's Compensation Board, asserting that the amount of the award should have been greater * * *. ORS 656.386(1) does not apply to these circumstances * * *.' 4 Or App at 333." *Smith v. Amalgamated Sugar Co., supra,* 25 Or App at 249.

Claimant attempts to distinguish this case from *Smith.* Here, Dr. Hickman's report indicating that further treatment was necessary was sent to employer along with a cover letter stating that the report constituted a new claim. Claimant contends, and respondent does not deny, that a physician's letter may be a "claim." *Cavins v. SAIF,* 272 Or 162, 536 P2d 426 (1975). The question remains, however: was *this* letter a "claim?"

We are satisfied it was not. Claimant's September 29, 1976, request for a hearing specifically placed in issue the need for further medical evaluation of claimant on a claim he had already made. Dr. Hickman's letter of January 4, 1977, supported that prior claim and was appropriate evidence to be received at the subsequent hearing. It was proffered evidence of a *pending* claim, not assertion of a *new* one. Any other rule would encourage similarly situated claimants to "keep an anchor to windward" by labeling all new medical evidence as either a new claim or an aggravation claim, instead of concentrating on the hearing process they have already invoked. This approach

---

[2]The referee explicitly relied upon this language in denying claimant attorney fees.

would seriously undermine the hearing process. We decline to adopt it.

Claimant relies on *Cavins v. SAIF, supra.* In that case, however, the carrier had refused to pay for an ankle operation and consequent temporary disability on the theory that the surgery was not necessitated by a covered injury. In holding that claimant was entitled to attorney's fees, the Supreme Court said,

> "* * * the legislature clearly intended that a workman whose claim is erroneously rejected *and who is thereby forced to appeal* should not be forced to bear the additional expense of employing an attorney to represent him. (Footnote omitted.)"

■ In this case, the appeal is already under way. Claimant has not been "forced" to do anything new. We adhere to the view expressed in *Smith* granting attorney fees *only* in the case of a claimant who is getting *no* compensation until his or her successful appeal. We will not allow that policy to be so easily circumvented as it would be if a cover letter on what is basically evidence for a pending hearing can turn a doctor's report into a "new claim."

Affirmed.