Argued and submitted April 21, reversed and remanded July 21, reconsideration denied September 11, petition for review allowed November 25, 1980

In the Matter of the Compensation of
OHLIG,
*Petitioner-Cross-Respondent,*
*v.*
FMC MARINE & RAIL
EQUIPMENT DIVISION,
*Respondent-Cross-Petitioner,*

(WCB Case No. 77-1741, CA 15985)

614 P2d 146

Burton J. Fallgren, Portland, argued the cause and filed the briefs for petitioner-cross-respondent.

Katherine H. O'Neil, Portland, argued the cause for respondent-cross-petitioner. With her on the brief were Delbert J. Brenneman and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Claimant appeals from an order of the Workers' Compensation Board which upheld a denial of his claim for a herniated spinal disc.

There is no dispute that claimant suffered a damaged disc; the issue is whether the damage is traceable to a fall at work. The carrier accepted his claim filed for an ankle injury received in the fall, but contended at the hearing that there was no causal relationship between the compensable injury to his ankle and his back condition. The referee found for the carrier. The Workers' Compensation Board reversed, but upon reconsideration reversed itself and adopted the opinion and order of the referee denying responsibility.

Claimant's disability dates from January 10, 1975, when he fell while pushing a boxcar at work. His right ankle was diagnosed as sprained. When his condition did not improve, his treating physician, Dr. Calvin Kiest, suggested surgery to stabilize the ankle by limiting lateral flexibility. Dr. Kiest performed the surgery in May, 1976. It did not correct the instability of claimant's right leg which continued to periodically "give out," causing claimant to fall.

In September, 1976, Dr. John A. Blosser examined claimant at carrier's request. He too treated claimant for an unstable right ankle and prescribed an ankle brace for him. When this did not stop the falling episodes, he began to suspect that claimant's back and not his ankle was responsible for his falls since the work accident.

A myelogram revealed a disc protrusion. In December, 1977, Dr. Edward Kloos repaired a herniated disc between the fourth and fifth lumbar vertebrae. The condition of the disc material indicated the back injury occurred over six months earlier. Dr. Kloos testified at the hearing that his findings were consistent with an injury occurring nearly three years earlier.

Dr. Blosser testified that he thought it probable that the January 10, 1975, fall caused the disc to protrude. Dr. Kloos also testified that in his opinion it was probable the damage he found was caused by the strain of pushing the boxcar and the fall which put sudden stress on the lumbar area.

Respondent offered reports by Dr. A. Torres, who saw claimant shortly after his fall, and Dr. Kiest, as evidence that there was no connection between the fall and the disc protrusion. Dr. Blosser explained that, though the symptoms of which claimant complained when he was being treated for his ankle were not ones which would suggest a disc lesion, they were consistent with the presence of such a lesion.

Dr. Blosser also testified that as he began to suspect a back problem his questioning of claimant became more pointed. He learned then that claimant had fallen on his right gluteal area in the job accident, which would be consistent with a disc protrusion on the right. He learned that the periodic falls experienced by claimant after the ankle surgery were accompanied by a loss of feeling in claimant's right leg. The ankle and leg caused no pain when claimant stepped, as would be expected from an ankle injury, but felt weak when he swung the leg forward to step. Dr. Kloos found this consistent with a disc in the lower lumbar spine "swiping" a nerve root against a vertebra. The doctors' observations and claimants relation of his history since his fall of January 10, 1975, support the conclusion that the fall caused injury to claimant's back.

■ We find the testimony of Dr. Blosser, who treated claimant from September, 1976 through late 1977, and of Dr. Kloos persuasive and conclude that claimant has shown by a preponderance of the evidence that his herniated disc was caused by his work accident. Accordingly, we reverse the order of the Workers' Compensation Board made upon reconsideration.

Claimant also argues that a penalty should be assessed for employer's failure to either accept or deny claimant's claim for compensation for his back injury and further argues that he should be awarded attorneys' fees for prevailing on a rejected claim. No separate claim was filed for these injuries. We find that discovery of the back injury and communication of that discovery to the employer is not tantamount to filing a separate claim.

■ In claimant's request for hearing he stated the issues to be determined as:

"1. Has claimant received all of the TTD to which he is entitled?

"2. Is claimant's condition stationary?

"3. The amount of permanent disability to which claimant is entitled."

The issues stated in the request for hearing are sufficiently broad to include compensability of the back condition. The evidence relating to the back condition was appropriate to those issues. The doctors' reports on claimant's back condition did not constitute a new claim. *See Vandehey v. Pumilite Glass and Building Co.,* 35 Or App 187, 580 P2d 1068 (1978); *cf. Cavins v. SAIF,* 272 Or 162, 536 P2d 426 (1975). Accordingly, claimant is not entitled to additional compensation as a penalty. *Smith v. Amalgamated Sugar Company,* 25 Or App 243, 548 P2d 1329 (1976).

■ Neither is claimant entitled to recover attorneys' fees. *Vandehey v. Pumilite Glass and Building Co., supra; Smith v. Amalgamated Sugar Company, supra;* and *Grudle v. SAIF,* 4 Or App 326, 479 P2d 250 (1971).

The employer has cross-appealed, arguing that the award of 15 percent permanent disability for claimant's ankle is excessive and should be reduced to 5 percent. Since the claim must be resubmitted for closing and evaluation when claimant's condition is

medically stationary, determination of the extent of the permanent disability of the ankle must be deferred until that time.

The Board's order on review upon reconsideration is reversed and claimant's claim is remanded to the employer and its carrier to be accepted and for payment of compensation, as provided by law, commencing on January 10, 1975 and until the claim is closed pursuant to the provisions of ORS 656.268.

Reversed and remanded.