In the Matter of the Compensation of
Clarence C. Martin, Claimant.

## MARTIN,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE
## FUND CORPORATION,
*Respondent.*

(80-08201; CA A31486)

713 P2d 640

Thomas A. Caruso, St. Andrew Legal Clinic, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant petitions for judicial review of an order of the Workers' Compensation Board, claiming that the Board erred in affirming a 1980 determination order, upholding SAIF's denial of his aggravation claim and denying penalties and attorney fees. We affirm.

On February 3, 1975, claimant sustained a back injury diagnosed as a "sacrococcygeal strain," a compensable, nondisabling injury. He had no back pain before the injury but had intermittent pain afterward. In the fall of 1979 the pain became worse. He left work on January 25, 1980. His physician, Dr. Ross, submitted his aggravation claim on February 4, 1980, and SAIF accepted it. Claimant was released to return to modified work on February 20. On April 23, Ross wrote to SAIF, stating that claimant was medically stationary. A determination order issued on May 20, awarding temporary total disability from January 25 through February 19, 1980, but no permanent disability. On May 27, Ross submitted a second aggravation claim, stating that claimant had become disabled April 21 and "continues to be unable to work." On August 1, 1980, SAIF issued a denial of that second aggravation claim.

Claimant's first assignment of error is that the Board erred in affirming the May, 1980, determination order. He argues that he was not medically stationary at the time the determination order issued and that it must be set aside as having been issued prematurely. He relies on *Brown v. Jeld-Wen, Inc.*, 52 Or App 191, 627 P2d 1291 (1981).

In *Brown,* the claimant's doctor had informed the employer on January 18, 1979, that his condition was stationary and that the claim could be closed as of December 8, 1978. Then, on January 22, the doctor sent a second report to the employer indicating the need for further treatment. Apparently, at the time when the Evaluation Division considered closure of the claim, it was unaware of the doctor's second report to the employer. On February 8, 1979, a determination order issued. We agreed with the referee that the closure was premature.

In this case, unlike *Brown,* neither the employer nor the insurer had any notice that claimant's condition might not

be medically stationary before the determination order issued. Ross' letter of April 23 states that claimant was seen on April 21, and that "Mr. Martins [*sic*] condition is currently stationary." The division justifiably relied on the letter. As we said in *Alvarez v. GAB Business Services,* 72 Or App 524, 527, 696 P2d 1131 (1985):

> "The Board correctly refused to exercise hindsight in determining whether the claim was prematurely closed. To support a conclusion that a claimant is 'medically stationary,' ORS 656.005(17) requires only that 'no further material improvement would reasonably be expected from medical treatment, or the passage of time.' The reasonableness of medical expectations at the time of claim closure must be judged by the evidence available at the time, not by the subsequent development of the case. * * *" (Citations omitted.)

The first indication that SAIF had that claimant was off work and undergoing treatment was Ross' letter dated seven days after the determination order had issued. The Board did not err in upholding the May 20 determination order.[1]

■ Claimant's second assignment is that the Board erred in affirming SAIF's denial of his May 27 aggravation claim on August 1, 1980. The denial stated, in part:

> "Medical reports now indicate that your injury of 1975 is medically stationary, and that your current problems are not related to that injury. We see no relationship between your current condition and your original industrial injury of February 3, 1975."

Claimant argues that the purported denial is of a previously accepted claim and that, therefore, SAIF is precluded from denying the claim under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), and its progeny.

The evidence here does not support a conclusion that the August 1 letter was a denial of an already accepted claim, the situation in *Bauman.* Claimant was medically stationary after his first aggravation claim of February 4, 1980. The doctor's letter of May 27 constituted a second aggravation

---

[1] Claimant also argues that, if the closure was not premature, he should be found to be permanently and totally disabled. We agree with the Board's determination that claimant's loss of earning capacity is not due to the compensable injury of 1975.

claim, which was filed after the five-year limitation had expired and was rejected for that reason. ORS 656.273(4).[2]

Finally, claimant assigns error to the refusal of the Board to impose penalties and attorney fees for unreasonable delay in paying compensation on the first aggravation claim, filed February 4, 1980. The determination order of May 20, 1980, awarded temporary disability only, and it was paid timely. Because we affirm the Board's decision that that is all claimant is entitled to and, because its payment was not unreasonably delayed, penalties and attorney fees are not recoverable.

Affirmed.

---

[2] Claimant argues that he should at least be entitled to payment for medical expenses. ORS 656.273. The medical evidence does not demonstrate that claimant's current problems resulted from his compensable injury.