Argued and submitted April 3, reversed and remanded April 22, 1986

In the Matter of the Compensation of
Charles Wattenbarger, Claimant.

## WATTENBARGER,
*Petitioner on Review,*

*v.*

## BOISE CASCADE CORPORATION,
*Respondent on Review.*

(TC 135,549; CA A32736; SC S32364)

717 P2d 1175

J. Michael Alexander, Salem, argued the cause for petitioner on review. With him on the petition was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Allan Muir, Portland, argued the cause for respondent on review. With him on the response was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

J. David Kryger, Albany, filed an *amicus curiae* brief for

Oregon Trial Lawyers Association. With him on the brief were Emmons, Kyle, Kropp, Kryger & Alexander, Albany, and Edward J. Harri, Salem.

LINDE, J.

## LINDE, J.

Claimant prevailed on his employer's appeal of a referee's order to the Workers' Compensation Board and was awarded $800 as a "reasonable attorney fee."[1] Procedures for fixing attorney fees in workers' compensation cases are set out in ORS 656.388 as follows:

"(1)   No claim for legal services or for any other services rendered before a referee or the board of the Court of Appeals or Supreme Court shall be valid unless approved by the referee or board, or if proceedings on appeal from the order of the board are had before any court, unless approved by such court. In cases in which a claimant finally prevails after remand from the Supreme Court, Court of Appeals or board, then the referee, board or appellate court shall approve or allow a reasonable attorney fee for services before every prior forum.

"(2)   If an attorney and the referee or board or appellate court cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings.

"(3)   Any claim so approved shall, in the manner and to extent fixed by the referee, board or court, be a lien upon compensation.

"(4)   The board shall, after consultation with the Board of Governors of the Oregon State Bar, establish a suggested schedule of fees for attorneys representing a worker under ORS 656.001 to 656.794."

Being dissatisfied with the award of attorney fees, claimant's appellate counsel first sought reconsideration by the Board and then submitted a written statement (captioned "petition for attorney's fees") to the Circuit Court for Marion County. The petition asserted that counsel spent 15 hours in preparing claimant's brief for the Board, that counsel's usual hourly rate was approximately $80, and that this rate should be multiplied by a "risk factor" because counsel's fee was contingent upon

---

[1] Claimant cited ORS 656.386 and the employer noted that the correct citation for successfully resisting an employer's appeal is ORS 656.382, but both sections use the same formula of "reasonable" attorney fees.

success. The petition suggested that a fee of $2,000 was warranted.

The employer responded that the referee and the Board correctly had followed the Board's rules on attorney fees, set out in OAR 438-47-000 through 438-47-095, and particularly OAR 438-47-010(2), which states that the amount of a reasonable attorney fee "shall be based on the efforts of the attorney and the results obtained." The employer maintained that the rule excludes a "contingency" factor unrelated to the efforts expended and the results obtained in the individual case. Multiplying the hourly rate by the number of hours worked, the circuit court increased claimant's attorney fee to $1,200 but rejected the request to multiply the usual hourly rate by a risk factor. The Court of Appeals affirmed the circuit court's order.

Apparently the Court of Appeals assumed that the Board's rule binds not only the Board but also the courts. The circuit court stated that it could not see any basis in law to allow the court to apply a contingency factor in determining the attorney fee in this case. The Court of Appeals stated:

"* * * ORS 656.388(4) delegates to the Board the power and duty to establish a suggested schedule of fees for attorneys representing workers in workers' compensation cases. The Board has established a schedule by rule. * * *"

To hold that the "suggested schedule of fees" binds the courts overstates the legislative delegation to the Board. A "suggested schedule" implies that the addressee is expected to exercise some judgment. It is not a term legislators would choose if they meant a Board rule to be legally binding on a court that is empowered, in the same section, to reexamine the fee.[2] Certainly the Board has authority to apply its criteria for attorney fees in proceedings before referees and the Board itself, but with respect to courts, the legislature has delegated to the Board only authority to suggest criteria. Although the

---

[2] Admittedly the quality of drafting in ORS 656.388 is thrown into some doubt by the provision of subsection (2) that, if "an attorney and the referee or board or appellate court cannot agree upon the amount of the fee, each shall submit a written statement of the services rendered to the presiding judge of the circuit court" for determination. The apparent implication that an appellate court, not an opposing party, first engages in negotiations to "agree" with claimant's counsel on the amount of attorney fees and, failing agreement, should submit a "statement of services rendered" (presumably by the attorney) to the circuit court is unusual, to say the least.

fact that the legislature did so entitles the Board's rule to some consideration also in the courts, the fee that ORS 656.388(2) directs the circuit court to "determine" is the "reasonable attorney fee" referred to in subsection (1) and in ORS 656.382 and 656.386.

■ As already stated, the circuit court believed that in determining the attorney fee it could not give any consideration to the fact that the fee was contingent upon success. It found that an award at counsel's hourly rate for the full 15 hours spent on the appeal was a reasonable fee. The court might have reached the same conclusion in any event, but its oral remarks leave no doubt that it thought itself constrained by law to exclude any consideration of risk. We therefore conclude that the court should have another opportunity to consider the question without that constraint.

■ We do not imply that the award was erroneous and could not be reaffirmed on remand. Claimant argues for recognizing that the contingent nature of attorney fees in all workers' compensation claims justifies a "multiplier" in representing claimants generally, without regard to the difficulties and the probabilities of success in the individual case. A court may take such difficulties and probabilities into account in determining a reasonable fee, but we do not hold that the statute as a matter of law requires every employer who unsuccessfully resists a compensation claim to pay fees reflecting claimant's counsel's uncompensated work on another claimant's unsuccessful claim. The statute does not support a general "multiplier" for the statistical risk, but it does not foreclose a court from allowing a fee exceeding the attorney's usual hourly rate when the court finds that, in the specific case, success is sufficiently in doubt and the risk that the services will go uncompensated is so high that a higher attorney fee is reasonable.

We hold only that the statute does not restrict a court's award of attorney fees to determining time and effort expended and result obtained, excluding any consideration of the degree of difficulty or risk, in the particular case, that the attorney's best efforts would go entirely uncompensated.[3]

---

[3] Contrary to counsel's comments in the circuit court, fee agreements with a claimant to pay counsel regardless of success are not barred by statute but only by

Respondent argues that there is no statutory authority for taking this risk into account, but the general authority to determine a "reasonable attorney fee" suffices to allow even though it does not require doing so. It may be, as respondent says, that letting circuit courts diverge from the Board's stated criteria for attorney fees will cause claimant's lawyers routinely to seek higher fees in circuit courts and will lead to varying and inconsistent results depending on individual judges' views of risk factors in contingent attorney fees. It also may be that courts will decline the invitation regularly to second-guess the Board in cases of ordinary difficulty and probability of success, or the Court of Appeals may further refine criteria for "reasonable" fees. In any event, the specter of unwelcome and inconsistent circuit court adjudications over attorney fees does not permit this court to turn what ORS 656.388(4) calls a "suggested schedule of fees" into a mandatory rule. Only the Legislative Assembly can decide whether to do that.

The decision of the Court of Appeals is reversed and the case is remanded to the circuit court for further proceedings.

---

Board rule. OAR 438-47-010 allows attorney fees only under a fee agreement and only for successful representation of a claim. OAR 438-47-020 to 438-47-070 set various limits stated in dollars and in percentages of an award achieving various objectives of the claimant. OAR 438-47-040, 438-47-045, 438-47-055, and 438-47-060 cover appeals to the courts as well as administrative hearings. OAR 438-47-085 states that charges for legal services are "unenforceable and invalid" unless approved under the rules. *Amicus curiae* Oregon Trial Lawyers Association mentions analogous claims evaluation guidelines stated in OAR 436-30-001 *et seq* (originally adopted as 436-65-600 *et seq*) for the proposition that "circumstances of the individual case must predominate and the guidelines will be used only to the extent that their intrinsic persuasiveness assists the court in its independent assessment function," *citing generally, Harwell v. Argonaut Insurance Co.,* 296 Or 505, 678 P2d 1202 (1984).