Argued and submitted September 20, 1985, affirmed as modified May 21, 1986

In the Matter of the Compensation of
Lee E. Short, Claimant.

SHORT,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents.*

(WCB 83-00025; A35087)

719 P2d 894

Richard A. Sly, Portland, argued the cause for petitioner. With him on the brief was Bloom, Marandas & Sly, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Ann F. Kelley, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Claimant seeks review of a Workers' Compensation Board order which modified the referee's order in these respects: (1) It found that claimant had proved a worsening as of March 30, 1983, rather than September 29, 1982; (2) it reduced the penalties and attorney fees assessed against SAIF for delay in paying interim compensation; (3) it reversed the assessment of penalties for SAIF's delay in denying the claim; and (4) it increased the attorney fees awarded to claimant's attorney for prevailing on the denied claim. Claimant asserts that (1) she has proved a worsening as of March 12, 1981, (2) the referee correctly assessed penalties and attorney fees and (3) the Board awarded insufficient attorney fees to her for prevailing on the claim denial. We modify the order to provide that claimant has proved a worsening as of September 1, 1982, and reverse the Board and reinstate the referee's order with respect to penalties and attorney fees for late denial and late payment of interim compensation.

Claimant suffered a compensable occupational injury on February 1, 1977, when she fell down a flight of stairs and struck her head. The claim was closed in July, 1979, and she was awarded 35 percent unscheduled disability for her neck and "mild" psychological conditions. There was no diagnosis of an organic brain injury at that time.

In March, 1981, Dr. Fleming conducted tests which indicated the presence of an organic brain injury; however, he did not diagnose it. Dr. Howieson examined claimant on August 30 and September 1, 1982, and diagnosed an organic brain injury that was not progressive and probably had existed since the accident. On September 24, 1982, claimant's attorney wrote to SAIF requesting a reopening of the claim for treatment of claimant's cognitive difficulties which were a result of her compensable injury. He asserted that her condition was worse and enclosed Howieson's reports, which related the cognitive defects to her 1977 injury.

Howieson thought it highly unlikely that claimant would return to work. She described claimant as incapacitated by her mental problems and stated that the

"considerable emotional distress that Ms. Short has experienced during her long disability claim procedure may have

exacerbated her mental problems at this time. However, I suspect that the underlying cognitive disorder has remained essentially unchanged since the time of the accident."

Howieson prescribed regular supportive counseling with a trained professional. "Without treatment, her prognosis for improvement in functioning is guarded at best."

In response to questions by claimant's attorney, Howieson stated:

"Regarding your question as to whether or not Ms. Short's condition has worsened, I do believe that her behavior has deteriorated over the years since her initial injury. She is depressed, confused, and has developed maladaptive ways of dealing with problems. Because of her inability to understand the reasons for many of her problems, she has been unable to develop effective solutions. Over the years, she has learned a form of helplessness from repeated failures and she has become socially withdrawn and mistrustful. The longer that she goes without assistance, the worse these problems will become. Therefore, I would conclude that Ms. Short's condition has worsened since the initial injury and I believe that it is reasonable to assume that her condition has worsened since at least March, 1981."

Claimant's daughter and a neighbor testified to a worsening of claimant's symptoms since the original claim closure. They could not pinpoint any specific date of worsening but described a gradual worsening.

SAIF did not respond to claimant's September 24, 1982, request for reopening or to subsequent requests. On December 30, claimant requested a hearing. On March 1, 1983, SAIF paid her interim time loss from September 29, 1982, to March 2, 1983. On March 11, 1983, SAIF acknowledged her request to reopen the claim but stated that additional time was needed to investigate it. SAIF denied the claim on May 12, 1983, on the ground that there had been no worsening since claim closure. Interim time loss payments were timely after the March 1 payment until the denial on May 12.

■  SAIF now concedes that there has been a worsening of claimant's condition. However, it disagrees with claimant as to when the worsening occurred and, consequently, as to the date as of which she has proved an aggravation. Claimant

argues that a changed diagnosis alone is sufficient to constitute a worsening and that a worsening is proven as of March, 1981, when Fleming's tests indicated the presence of the organic brain injury later diagnosed by Howieson.

ORS 656.273(1) provides:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for *worsened conditions* resulting from the original injury." (Emphasis supplied.)

To establish an aggravation, there must be a worsening of the claimant's condition and a causal relation between that worsening and the compensable injury. *Hoke v. Libby, McNeil & Libby,* 73 Or App 44, 46, 697 P2d 993 (1985). If the underlying condition has not worsened, "it is sufficient to show that the symptomatology of the condition has worsened so that the claimant is more disabled than at the time of the last arrangement of compensation." *Consolidated Freightways v. Foushee,* 78 Or App 509, 512, 717 P2d 633 (1986). Claimant's organic brain injury is no worse than it was at the time of claim closure. Howieson characterized it as nonprogressive and "essentially unchanged since the time of the accident."

▮▮▮ That Howieson's report states that claimant is now totally disabled, taken alone, does not prove an aggravation. That she was originally granted only 35 percent unscheduled permanent partial disability and that Howieson now believes that she is totally disabled does not establish that her condition has "worsened." It may simply be that the prior award was inadequate. The evidence is that claimant's organic brain damage is the same now as at the time of the accident. It was simply not diagnosed until September, 1982. An aggravation claim is not a means by which to correct an inadequate permanent disability award that was made on the basis of a flawed diagnosis. If it were, ORS 656.273 would be a means for a delayed review of erroneous findings or awards in an initial determination. *Bowser v. Evans Products Co.,* 17 Or App 542, 545, 522 P2d 1405, *rev'd on other grounds,* 270 Or 841, 530 P2d 44 (1974).[1] As we said in *Deaton v. SAIF,* 33 Or App 261, 263,

---

[1] This case refers to *former* ORS 656.271, which was then the aggravation statute. It was replaced by ORS 656.273. Or Laws 1973, ch 630, § 4. Our analysis is not affected by the statutory changes.

576 P2d 35 (1978):

> "At the heart of claimant's position is his belief that his initial determination was erroneous and that he should have been found permanently totally disabled. However that may be, the initial determination cannot be relitigated in an aggravation claim."

*See also Dodd v. Ind. Acc. Com.,* 211 Or 99, 310 P2d 324, 311 P2d 458, 315 P2d 138 (1957); *but see Gilbert v. SAIF,* 63 Or App 320, 663 P2d 807 (1983).

■ Although there is no worsening of claimant's organic brain damage, her symptoms and her mental condition have worsened. The evidence shows a gradual worsening. Claimant's daughter and neighbor testified about her worsened symptoms; however, they could not pinpoint a specific date of worsening. On *de novo* review, we hold that claimant has proved a worsening as of September 1, 1982, the date on which she was examined by Howieson, who concluded that claimant's behavior had deteriorated and that her condition had worsened since March, 1981.[2] That conclusion is strengthened by the results of the March, 1983, Minnesota Multiphasic Personality Inventory (MMPI) profile which confirms a deterioration of claimant's emotional condition since a March, 1981, MMPI.[3]

■ We turn to the issue of penalties. After receiving a notice of an aggravation, an insurer has 60 days to issue an acceptance or a denial, ORS 656.262(6), or it may be subject to penalties for unreasonable delay. ORS 656.262(10). Claimant's attorney's letter of September 24, 1982, enclosing Howieson's reports was an aggravation claim. ORS 656.273(2) and (3).[4] *Stevens v. Champion International,* 44 Or App 587,

---

[2] The evidence does not show a worsening between the last award and March, 1981.

[3] The Board found that claimant had only proved a worsening as of the date of the March 30, 1983, MMPI. The evidence shows a worsening before that time.

[4] ORS 656.273(2) provides:

> "To obtain additional medical services or disability compensation, the injured worker must file a claim for aggravation with the insurer or self-insured employer. In the event the insurer or self-insured employer cannot be located, is unknown, or has ceased to exist, the claim shall be filed with the director."

ORS 656.273(3) provides:

> "A physician's report indicating a need for further medical services or additional compensation is a claim for aggravation."

606 P2d 674 (1980). Howieson's reports indicated a need for further medical services. It was SAIF's responsibility to accept or deny the claim within 60 days. ORS 656.262(6); *Haret v. SAIF,* 72 Or App 668, 671, 697 P2d 201, *rev den* 299 Or 313 (1985). SAIF also had a duty to pay interim compensation within 14 days after notice of the claim. ORS 656.262(4). It did not pay interim compensation for six months and did not deny the claim for eight months. Therefore, we reinstate the referee's order regarding penalties and attorney fees for late payment of interim compensation and for late denial of the claim.

■       Finally, we affirm the Board's award of attorney fees for prevailing on SAIF's denial. The Board considered all of the evidence submitted by claimant's attorney and increased the fee awarded by the referee to $3,750, finding that an extraordinary fee was warranted. The Board also awarded $750 for services on Board review. On claimant's motion for reconsideration, the Board declined to increase the attorney fees award. The award does not appear to be unreasonable, and we defer to the Board in the light of its frequent determinations in this area; it may be expected to make consistent and knowledgeable assessments of the attorney effort involved. *Silsby v. SAIF,* 39 Or App 555, 564, 592 P2d 1074 (1979). We will alter an award only in a case of manifest abuse of discretion. *SAIF v. Peoples,* 59 Or App 593, 595, 651 P2d 1359 (1982); *Bentley v. SAIF,* 38 Or App 473, 481, 590 P2d 746 (1979). We find none in this case.

Order modified to provide that claimant's psychological condition was aggravated as of September 1, 1982; order reducing penalties and attorney fees for delay reversed and referee's order reinstated in that respect; otherwise affirmed.