Argued and submitted May 8, reversed November 12, 1987, reconsideration denied January 8, petition for review allowed February 3, 1988 (305 Or 102)

In the Matter of the Compensation of
Lee E. Short, Claimant.

SHORT,
*Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Appellants.*

(A8606-03219; CA A41221)

745 P2d 422

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Richard A. Sly, Portland, argued the cause for respondent. With him on the brief was Bloom, Marandas & Sly, Portland.

Before Buttler, Presiding Judge, and Rossman and Deits, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

SAIF appeals from a judgment of the circuit court entered pursuant to ORS 656.388(2) requiring it to pay attorney fees in addition to the amount previously ordered by the Workers' Compensation Board and approved by this court on review. The question is whether the circuit court had the authority to revise the amount of fees ordered by the Board when the insurer initiated Board review. We hold that it did not and, therefore, reverse.

Claimant suffered a compensable injury on February 1, 1977, when she fell down a flight of stairs and struck her head. Her claim was closed in July, 1979, and she was awarded 35 percent unscheduled disability for her neck and "mild psychological conditions." In September, 1982, she requested a reopening of her claim on the basis of a newly diagnosed organic brain injury. SAIF denied the request, and a hearing was held on January 5, 1984; the referee ordered that the claim be reopened as of September 29, 1982, imposed a penalty on SAIF for unreasonable delay in denying the claim and in paying interim compensation and awarded attorney fees of $500 in connection with the penalty issues and $2,000 on reversal of the denial.

SAIF appealed to the Board, arguing that claimant's newly diagnosed condition was not compensable and, in the alternative, that a later reopening date was appropriate. Claimant filed a cross-appeal, contending that the reopening date should be earlier than that ordered by the referee. On February 13, 1985, the Board modified the referee's order, delaying the reopening date to March 30, 1983. The penalty and associated attorney fees were reduced. The attorney fee for prevailing on the denied claim was increased to $3,750 and an additional fee of $750 was awarded on the Board review.

Claimant petitioned this court for review and assigned error to, among other things, the amount of attorney fees awarded by the Board. We modified the Board's order as to the date of reopening, holding that September 1, 1982, was the proper date. We reinstated the referee's order regarding the penalty issue and affirmed the Board's award of attorney fees:

"Finally, we affirm the Board's award of attorney fees for

prevailing on SAIF's denial. The Board considered all of the evidence submitted by claimant's attorney and increased the fee awarded by the referee to $3,750, finding that an extraordinary fee was warranted. The Board also awarded $750 for services on Board review. On claimant's motion for reconsideration, the Board declined to increase the attorney fees award. The award does not appear to be unreasonable, and we defer to the Board in the light of its frequent determinations in this area; it may be expected to make consistent and knowledgeable assessments of the attorney effort involved." *Short v. SAIF,* 79 Or App 423, 429, 719 P2d 894 (1986).

Shortly after that decision, claimant petitioned the circuit court for an increase in the fees award, pursuant to ORS 656.388(2), which then provided:

"If an attorney and the referee or board or appellate court cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

The circuit court raised the fees award to $12,000 and ordered SAIF to pay that amount, less $4,750 that it had already paid. SAIF appeals, arguing that the court lacked jurisdiction to adjust the award and, in the alternative, that the fees that it awarded were excessive.

Claimant argues that her right to recover attorney fees stems from ORS 656.386(1),[1] which allows either party to contest fees in circuit court by the procedure provided in ORS 656.388(2). ORS 656.386(1) provides for insurer-paid attorney fees when the claimant has prevailed finally on an appeal from

---

[1] At the relevant time, ORS 656.386(1) provided:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. In the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount shall be settled as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

an order or decision denying the claim. In this case, the referee had determined that the claim should be reopened; he did not deny the claim. Employer sought Board review, and claimant prevailed *finally* on compensability before the Board. Because claimant did not prevail finally before the referee, her attorney fees could not be awarded pursuant to ORS 656.386(1). SAIF sought Board review of the referee's order, and attorney fees were awarded pursuant to ORS 656.382(2),[2] which is the sole basis for an award of employer paid fees when an employer initiates the final review process. *Shoulders v. SAIF,* 300 Or 606, 615, 716 P2d 651 (1986); *Greenslitt v. City of Lake Oswego,* 88 Or App 94, 744 P2d 577 (1987). That statute does not provide for circuit court review of attorney fees. Accordingly, there was no statutory basis for the circuit court to review the fees awarded by the Board in this case.

Reversed.

---

[2] At the relevant time, ORS 656.382(2) provided:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."