Argued and submitted March 1, decision of Court of Appeals affirmed and judgment of circuit court reversed April 26, 1988

In the Matter of the Compensation of
Lee E. Short, Claimant.

SHORT,
*Petitioner on Review,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents on Review.*

(A8606-03219; CA A41221; SC S34725)

754 P2d 575

Richard A. Sly, Portland, argued the cause and filed the petition for petitioner on review.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents on review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PETERSON, C. J.

## PETERSON, C. J.

Like its companion cases of *Greenslitt v. City of Lake Oswego,* 305 Or 530, 754 P2d 570 (1988), and *Guill v. Pendleton Woolen Mills,* 305 Or 538, 754 P2d 574 (1988), both decided this date, this case concerns the award of attorney fees in a workers' compensation case.

The claimant appeals from a Court of Appeals' decision holding that the circuit court was without authority to require the State Accident Insurance Fund (SAIF) to pay attorney fees in addition to the amount previously ordered by the Workers' Compensation Board (board) and approved by the Court of Appeals on review. *Short v. SAIF,* 88 Or App 226, 745 P2d 422 (1987) (*Short II*). We affirm the Court of Appeals.

### THE FACTS

The claimant suffered a compensable injury in February 1977. Her claim was closed in July 1979 with an award for partial disability. In September 1982 she requested a reopening of her claim based upon a newly diagnosed injury. SAIF denied the request and the claimant requested a hearing. The referee ordered that the claim be reopened as of September 1982 and imposed a penalty upon SAIF for unreasonable delay in denying the claim and in paying interim compensation. The referee awarded attorney fees of $500 in connection with the penalty issues and $2,000 on reversal of the denial.

SAIF appealed to the board, arguing that the newly diagnosed condition was not compensable, or alternatively, that a later reopening date was appropriate. The claimant cross-appealed, seeking an earlier reopening date. The board modified the referee's order, delaying the reopening to March 1983. The board reduced the penalty and associated attorney fees, but increased the attorney fee for prevailing on the denied claim to $3,750 and awarded an additional attorney fee of $750 for representation before the board.

The claimant sought review in the Court of Appeals and assigned error to the board's order concerning the date of reopening and the amount of attorney fees awarded by the board. The Court of Appeals (1) ordered that the proper date for reopening was September 1, 1982, not March 1983, (2) ordered reinstatement of the referee's order concerning the

penalty issue, and (3) upheld the board's award of attorney fees. *Short v. SAIF,* 79 Or App 423, 719 P2d 894 (1986) (*Short I*).

The claimant then petitioned the circuit court for an increase in the board's attorney fee award. The circuit court raised the fee award to $12,000 and ordered SAIF to pay that amount minus amounts it had already paid. SAIF appealed to the Court of Appeals, arguing that the circuit court lacked jurisdiction to modify the attorney fee award. The Court of Appeals held that ORS 656.386(1) was not applicable because the claimant did not initiate *board* review and that ORS 656.382(2) "is the sole basis for an award of employer paid fees when an employer initiates the final review process. * * * That statute does not provide for circuit court review of attorney fees." *Short II,* 88 Or App at 230.

## DISCUSSION

ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. In the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount shall be settled as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

At the relevant time, ORS 656.388(2) provided:

"If an attorney and the referee or board or appellate court cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. * * *"[1]

---

[1] Oregon Laws 1987, chapter 884, section 35 deleted the reference to "appellate court" in ORS 656.388(2). At oral argument the claimant expressed concern that claimants would no longer be able to seek review of appellate court fee awards as a result of that amendment. However, even after the 1987 amendments to the Workers' Compensation Law, ORS 686.386(1) still provides that "[i]n the event a dispute arises

We stated in *Greenslitt v. SAIF, supra:*

"There are three prerequisites to the applicability of the attorney fees provision of ORS 656.386(1): (1) the claimant must initiate the hearing process by requesting review from an order or decision denying the claim; (2) the claimant must prevail *finally* on the issue of compensation (before the forum in which the claimant is the initiating party); and (3) the decision of the referee, board or court in which the claimant prevails finally must be from an earlier decision or order denying, rather than allowing, the claim for compensation. *Shoulders v. SAIF,* 300 Or 606, 611-12, 716 P2d 751 (1986). A claimant 'prevails finally' before a forum if that forum holds in the claimant's favor on the issue of the claimant's right to workers' compensation and that determination is not appealed within the time allowed by statute. For example, '[u]nder ORS 656.289(3), matters determined by [a referee's order become] final unless "within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests review by the board under ORS 656.295." *Farmers Ins. Group v. SAIF,* 301 Or 612, 619, 724 P2d 799 (1986).'" (Emphasis in original.)

The claimant argues that the board's award of attorney fees was reviewable by the circuit court or "[t]he attorney fees awarded by the Court of Appeals by their de novo decision * * * was * * * subject to summary review by a circuit court pursuant to 656.388(2)." The claimant is not entitled to circuit court review of the fee award of the board or the Court of Appeals. ORS 656.386(1) provides for attorney fees on review of denied claims. The claimant did not appeal to the board or to the Court of Appeals from a decision denying her claim. Both the referee and the board concluded that the claimant's condition was compensable. Where the only compensation issue on appeal is the amount of compensation or the extent of disability, rather than whether the claimant's condition was caused by an industrial injury, ORS 656.386(1) is not the applicable attorney fee statute and the ORS 656.388(2) route to the circuit court is not available. *Shoulders v. SAIF,* 300 Or

as to the amount allowed by the referee or board or appellate court, that amount shall be settled as provided for in ORS 686.388(2)," *i.e.* by circuit court review.

The claimant's concern perhaps results from a misunderstanding of the source of her right to circuit court review of attorney fees not paid from the claimant's award. That right results from ORS 656.386(1), not ORS 656.388(2). *See Greenslitt v. City of Lake Oswego,* 305 Or 530, 754 P2d 570 (1988).

606, 615, 716 P2d 751 (1986). *See also Vandehey v. Pumilite Glass and Building Co.*, 35 Or App 187, 580 P2d 1068 (1978) (ORS 656.386 not applicable because employer conceded causation, issue was extent of treatment warranted); *Smith v. Amalgamated Sugar Co.*, 25 Or App 243, 548 P2d 1329 (1976) (extent of disability, rather than cause of injury, disputed); *Grudle v. SAIF*, 4 Or App 326, 479 P2d 250 (1971) (amount of compensation for amputation, rather than cause of injury, disputed). *Cf. Ohlig v. FMC Marine & Rail Equipment*, 291 Or 586, 633 P2d 1279 (1981) (where employer denies compensability of a condition, rather than disputes extent of liability and amount of compensation due, employer has "denied" the claim, distinguishing *Vandehey, Smith and Grudle); Cavins v. SAIF*, 272 Or 162, 536 P2d 426 (1975) (same).[2]

■■■ Where the claimant appeals the amount of liability or extent of disability, as in the present case, he or she concurrently may seek review of the attorney fee award in the forum in which the merits are presented. In such case, there is no statutory provision providing for circuit court review of that forum's determination of the appropriate attorney fee award. Where the insurer appeals the compensability of a claim or the amount or extent of liability, as the insurer did in this case before the board, the insurer is liable for attorney fees under ORS 656.382(2)[3] if the compensation awarded to the claimant is not disallowed or reduced. That statute does not provide for circuit court review.

---

[2] The claimant also argues that "the Supreme Court in *Wattenbarger v. Boise Cascade Corp.*, [301 Or 12, 717 P2d 1175 (1986),] approved the use of the summary circuit court proceeding allowed by ORS 656.388 where, such as in the instant case, the employer initiated an appeal to the Workers' Compensation Board following a referee order wherein claimant prevailed on a denied claim." Although an exercise in fact matching may reveal similarity between this case and *Wattenbarger*, that case does not stand for approval of summary circuit court proceedings under any given facts. At issue in that case was whether the circuit court was bound by the board's "suggested schedule of fees." *See Greenslitt v. City of Lake Oswego, supra*, 305 Or at 536 n 5. Both parties assumed that the circuit court had jurisdiction.

[3] ORS 656.382(2) provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed.[4]

---

[4] The conclusion that ORS 656.386(1) is not applicable where the claimant successfully appeals for purposes of gaining an increase in compensation is bolstered by the legislative history of 1983 proposed amendments to ORS 656.386 and ORS 656.388 (Senate Bill 589). The legislature considered and rejected a proposal to grant attorney fees in such an instance. One of the "problems" that the Senate Committee on Labor was asked to address was summarized in this manner:

"Claimant is awarded permanent partial disability (not 'denied' or 'rejected') but increases benefits after hearing, board review or court review (or stipulation). No provision for claimant's attorney fees payable by employer or insurer."

Senate Committee on Labor, Ex D to SB 589 (May 20, 1983).

The original version of SB 589, which sought to amend ORS 656.386, proposed the following response to this "problem":

"When claimant is awarded an increase in the extent of permanent disability by a referee, board, or court, the referee, board, or court shall award to claimant or claimant's attorney a reasonable attorney fee, subject to the requirements of ORS 656.388. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

See Senate Committee on Labor, Ex D to SB 589 (May 20, 1983).

This provision did not survive the first hearing and work session of the Senate committee. See Minutes, Senate Committee on Labor 6-7 (May 20, 1983) (referred to as amendment "5"). The legislative history also shows that there was a House Bill on this point, see Minutes, Senate Committee on Labor 5 (May 20, 1983) (testimony of Representative Hanlon), which did not get out of committee.