Argued and submitted May 8, affirmed September 27, reconsideration denied November 17, petition for review denied December 12, 1989 (308 Or 608)

In the Matter of the Compensation of
Dwight E. Fillmore, Claimant.

## WEYERHAEUSER COMPANY,
*Respondent,*

*v.*

## FILLMORE,
*Petitioner.*

(WCB 87-13806 and 87-16609; CA A49368)

779 P2d 1102

Max Rae, Salem, argued the cause and filed the brief for petitioner.

Ridgway K. Foley, Jr., Dennis S. Reese and Schwabe, Williamson & Wyatt, Portland, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

In this workers' compensation case, claimant petitions for judicial review of the Workers' Compensation Board's attorney fees award. ORS 656.298. We affirm.

The referee found that claimant's chiropractic care was compensable and set aside employer's denial of payment.[1] The referee awarded claimant $2,000 in attorney fees. ORS 656.386(1). On employer's request for review, the Board affirmed the referee's determination of compensability but awarded only $1,000 in attorney fees for the proceeding before the referee. ORS 656.382(2). The Board awarded an additional $600 in attorney fees for the review proceeding. ORS 656.382(2).

OAR 438-15-010(6) lists factors that the referee and the Board must consider in determining a reasonable attorney fee.[2] The referee made no factual findings as to any of the factors. Although the Board purported to consider all of the factors in reducing the referee's attorney fee award by half, it made a specific finding as to only one.[3]

---

[1] At the hearing, claimant stipulated that a separate claim for thermographic testing was noncompensable.

[2] OAR 438-15-010(6) provides:

"In any case where a referee, the Board or a court is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a)  The time devoted to the case;

"(b)  The complexity of the issue(s) involved;

"(c)  The value of the interest involved;

"(d)  The skill and standing of the attorneys;

"(e)  The nature of the proceedings;

"(f)  The result secured for the represented party;

"(g)  The risk in a particular case that an attorney's efforts may go uncompensated; and

"(h)  The assertion of frivolous issues or defenses."

[3] The Board stated:

"* * * * *

"In determining a reasonable attorney fee, the Referee and the Board consider the factors set forth in OAR 438-15-010(6). Generally, results obtained in the form of medical services are considered to be rather modest. * * * In this case, the amount in dispute was $1,582. After considering the above-mentioned factors, we conclude that a reasonable fee at hearing concerning the chiropractic treatment denial issue was $1,000."

Claimant attacks the Board's fee award as having been made without sufficient factual findings and as being inadequate to compensate his attorney reasonably for the legal services performed. Both parties assume that we review the Board's award of attorney fees according to the "substantial evidence" standard described in *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988), but we do not.

In the past, we have reviewed attorney fee awards for abuse of discretion, reasoning that the Board might "be expected to make consistent and knowledgeable assessments of the attorney effort involved." *Short v. SAIF,* 79 Or App 423, 429, 719 P2d 894 (1986). This is the first time that we have considered that standard of review since the 1987 Legislative Assembly directed us to review workers' compensation cases as provided in ORS 183.482(7) and (8). Or Laws 1987, ch 884, § 12a; ORS 656.298(6).

ORS 183.482(8) requires us to distinguish between three types of agency action in contested cases in order to determine the appropriate standard of review. *Megdal v. Board of Dental Examiners,* 288 Or 293, 318-19, 605 P2d 273 (1980). If a governing provision of law requires a particular action, we review the case to determine whether the agency has committed an error of law. ORS 183.482(8)(a). If a range of discretion in a particular matter has been delegated to the agency by the legislature, we review for abuse of discretion. ORS 183.482(8)(b). We review agency findings of fact to determine whether there is substantial evidence to support them and whether the reasoning from the facts supports the conclusions. ORS 183.482(8)(c); ORS 183.470.

Because the scope of our review depends on the authority delegated to the agency by the legislature, we must look to the words of the delegating statute to determine the nature and scope of that authority. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 222-23, 621 P2d 547 (1980).

■ The statute authorizing the Board's award of attorney fees in this case provides, in pertinent part: "[T]he employer or insurer shall be required to pay to the claimant or the attorney of the claimant a *reasonable* attorney fee *in an amount set by the board* * * *." ORS 656.382(2). (Emphasis supplied.) We have previously interpreted that language as authorizing the Board to exercise its discretion in setting the

amount of the attorney fee award. *See Short v. SAIF, supra.* The legislature's use of the emphasized "delegative terms" instructs us that the responsibility for determining the amount of attorney fees to be awarded in a particular case lies with the Board, not with this court. *Springfield Education Assn. v. School Dist., supra,* 290 Or at 223. Our standard of review is described in ORS 183.482(8)(b):

"The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A)   Outside the range of discretion delegated to the agency by law;

"(B)   Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)   Otherwise in violation of a constitutional or statutory provision."

■   The Board's attorney fee award in this case is not defective in any of the ways contemplated by ORS 183.482(8)(b). In particular, contrary to claimant's argument, the Board is not required to make a finding as to each of the factors described in OAR 438-15-010(6); the regulation requires only that the listed factors be considered. The Board's explanation of its award is detailed enough to inform us that it considered all of the factors and had a reasonable basis for its decision. No more is required.

Affirmed.