Argued and submitted July 30, affirmed on petition; reversed and remanded on cross-petition for reconsideration of attorney fees September 5, 1990

In the Matter of the Compensation of
Kenneth Davies, Claimant.
DIAMOND FRUIT GROWERS,
*Petitioner - Cross-Respondent,*

*v.*

Kenneth DAVIES,
*Respondent - Cross-Petitioner.*

(87-16765; CA A62692)

796 P2d 1248

Scott H. Terrall, Portland, argued the cause for petitioner - cross-respondent. With him on the briefs were G. Joseph Gorciak and Terrall & Miller, Portland.

William H. Skalak, Portland, argued the cause and filed the brief for respondent - cross-petitioner.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board affirming the referee's decision that claimant's back, neck and shoulder injuries are compensable. Claimant cross-petitions, contending that the Board's award of attorney fees was inadequate. We affirm without discussion on the petition and reverse and remand on the cross-petition.

Claimant prevailed before the Board on employer's appeal of the referee's order setting aside employer's denial of the claim. He was entitled to an award of employer-paid attorney fees under ORS 656.382(2). Claimant's counsel submitted a statement of services requesting attorney fees of $1,562.50 for 12.5 hours of service at a rate of $125 per hour. The Board awarded $600, without any explanation for its decision.

In *Weyerhaeuser Co. v. Fillmore,* 98 Or App 567, 779 P2d 1102 (1989), we held that, although the Board is not required in making an award of attorney fees to make findings as to each of the factors described in OAR 438-15-010(6),[1] the Board's explanation must be detailed enough to inform us that it has considered all of the factors and that there is a reasonable basis for the award. 98 Or App at 571. Although the Board did not necessarily need to explain why it awarded less than the amount requested, it had to say enough to permit us to determine that there is a reasonable basis for the amount awarded. The Board gave no explanation. Therefore, we remand for reconsideration of attorney fees.

Affirmed on petition; reversed and remanded on cross-petition for reconsideration of attorney fees.

---

[1] OAR 438-15-010(6) provides:

"(6) In any case where a referee or the Board is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a) The time devoted to the case;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) The risk in a particular case that an attorney's efforts may go uncompensated; and

"(h) The assertion of frivolous issues or defenses."