In the Matter of the Compensation of
Richard J. Peters, Claimant.

Richard J. PETERS,
*Petitioner,*

*v.*

DOUBLE DD TRUCKING
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 86-01810; CA A64056)

813 P2d 67

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, claimant seeks review of the Board's denial of compensation. The sole issue is whether claimant is a "subject worker" under ORS 656.027. We affirm.

Claimant requested a hearing on employer's denial of his claim to recover for injuries sustained in a 1985 trucking accident. The primary issue was whether claimant was a "subject worker" of Double DD Trucking (employer) or whether he was an independent contractor. The referee found that employer had the right to control claimant and that, therefore, he was a subject worker and entitled to workers' compensation benefits. Employer appealed to the Board, which reversed the referee's opinion, concluding that claimant was an independent contractor. The Board found:

> "Claimant was 56 years old at the time of hearing. In February, 1985, claimant and Mr. Ganoe agreed to be truck driving partners. At that time, Ganoe had an agreement with Double DD Trucking Lines Inc. (the insured in this case) to drive a truck and deliver loads for them. That agreement included that Ganoe would be paid by the load; that no taxes would be taken from the load settlement; that the amount of the load settlement would be a percent of the load; that Ganoe would pay for all of his expenses (i.e., gas, oil, food, lodging, etc.) in hauling the load; that Ganoe would call the main office to receive new assignments upon completing a load; that Ganoe could refuse assignments; that the requirement of successfully completing an assignment was to timely deliver the load to the required location in good condition; that failure to successfully complete assignments could result in Ganoe not being given any more assignments; and that hours and route were up to Ganoe.

> "Ganoe and claimant had an agreement that when Double DD would make out a settlement check to Ganoe, he would pay claimant a straight 50 percent of whatever that load brought in. The checks were made out to Mr. Ganoe, who in turn would cash the check, and pay claimant after all of their expenses (i.e., gas, oil, food, lodging, etc.) were deducted. Claimant and Ganoe split all the expenses equally.

> "Before claimant could operate the truck Ganoe was using, he had to pass a written examination, and a road test. These tests are part of state licensing requirements for all

persons operating trucks. Both of these examinations were administered by Mr. Diede, the owner of the insured.

"Mr. Kuhlman owned the truck driven by claimant and Ganoe. Kuhlman leased the vehicle to Double DD. He provided no direction or control over claimant's employment activities. Double DD had an arrangement with Ganoe regarding the lease and use of the truck.

"Ganoe and claimant exercised all the rights of Ganoe's agreement with the insured.

"Claimant was injured in a truck accident on March 22, 1985. Claimant received treatment for a laceration of the instep and toes of his right foot."

We review for substantial evidence to support the findings and for whether the reasoning from those findings supports the conclusions and for errors of law. ORS 183.482(8)(a) and (c); *see Weyerhaeuser Co. v. Fillmore,* 98 Or App 567, 570, 779 P2d 1102, *rev den* 308 Or 608 (1989). Claimant makes no specific challenge to the Board's findings of fact or to the application or interpretation of the legal principles that it applied to reach its conclusion. The findings are supported by substantial evidence in the record, and the law was correctly applied by the Board.

Claimant's argument boils down to a dispute about the weight to be assigned to various factors that went into the decision that claimant was an independent contractor, but that is not a reviewable issue in this case. The Board's reasoning supports its conclusion that claimant was not a "subject worker" at the time of his injury.

Claimant argues in the alternative that ORS 656.029(1)[1] is applicable and makes him a "subject worker."

---

[1] ORS 656.029(1) provides:

"If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in ORS

However, that issue was never raised or litigated before the referee or the Board. As employer points out, even if that statute is applicable, there are factual predicates that need to be determined. Because the issue was not raised and litigated, we decline to address it.

Affirmed.

---

656.001 to 656.794 for the payment of benefits to the worker of a noncomplying employer."