Argued and submitted July 26, affirmed September 11, 1991

In the Matter of the Compensation of
Mickey D. Simpson, Claimant.

Mickey D. SIMPSON,
*Petitioner,*

*v.*

SKYLINE CORPORATION
and CNA Insurance Companies,
*Respondents.*

(WCB 89-17573; CA A67889)

816 P2d 1209

Arthur P. Klosterman, Salem, argued the cause for petitioner. With him on the brief was Whitehead & Klosterman, Salem.

Jerry K. Brown, McMinnville, argued the cause for respondents. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board that affirmed the referee's denial of his request for attorney fees. Claimant sustained a compensable injury while working for employer. The claim was closed by a determination order, which made an award of unscheduled permanent partial disability benefits. Claimant was referred to vocational assistance and later received a Notice of Ineligibility for benefits on the ground that he had voluntarily left a suitable light duty position with employer.

Claimant's attorney sought review of the Notice of Ineligibility pursuant to ORS 656.283(2) and OAR 436-120-210. The Director of the Department issued an order requiring insurer to refer claimant to a vocational counselor for an eligibility evaluation, and, if claimant was found to be eligible, for services.

Claimant was found to be eligible for services. At the hearing requested by claimant for the purpose of obtaining insurer-paid attorney fees, it was stipulated that claimant's attorney spent three hours in relation to claimant's claim for vocational assistance, and that claimant's efforts were instrumental in gaining eligibility. The referee held that a fee was authorized to be paid out of compensation, but that ORS 656.386(1) provided no basis for an award of insurer-paid fees. The Board affirmed, and on review, claimant again contends that he is entitled to insurer-paid attorney fees under ORS 656.386(1) as amended by the legislature in 1991, for having succeeded in overturning employer's denial of his claim for vocational services.[1]

The short answer is that the question of whether claimant is entitled to vocational assistance concerns only the

---

[1] The statute now provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision *denying the claim for compensation,* the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed. Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

availability of a certain type of benefit, rather than whether claimant's condition was caused by his industrial injury, and, therefore, ORS 656.386(1) is not applicable. *Short v. SAIF,* 305 Or 541, 545, 754 P2d 575 (1988).

Affirmed.