Argued and submitted December 18, 1991, affirmed April 22, reconsideration denied June 17, petition for review denied June 21, 1992 (313 Or 627)

In the Matter of the Compensation of
Audrey J. Cameron Higgins, Claimant.

Audrey J. Cameron HIGGINS,
*Petitioner,*

*v.*

SCHRAMM PLASTICS
and Safeco Insurance Company,
*Respondents.*

(90-02764, 89-18529; CA A70249)

829 P2d 1045

Geoffrey Wren, Portland, argued the cause for petitioner. On the brief were Douglas Swanson, Daina Upite, and Royce Swanson & Thomas, Portland.

Jerald P. Keene, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Claimant seeks review of a Workers' Compensation Board attorney fees award. We affirm.

Claimant filed a claim for work-related chronic toxic encephalopathy. Employer denied the claim, and claimant requested a hearing. Claimant prevailed before the referee on the issue of compensability, and the referee awarded her $14,450 in attorney fees. Employer requested Board review of the referee's order. The Board affirmed the referee's compensability determination but reduced the attorney fees award for services performed at the hearing level to $7,500. For prevailing on review, claimant requested attorney fees of $9,151. The Board awarded $2,000.

Regarding the award for services at the hearing, the Board said:

"After considering the factors set forth in OAR 438-15-010(4)[1] and applying them to this case, we find that a reasonable assessed attorney fee for claimant's counsel's services *at hearing* concerning the compensability issue is $7,500, to be paid by the insurer. In reaching this conclusion, we have particularly considered the time devoted to this case, as represented in part by depositions taken, the length of hearing and claimant's counsel's statement of services, the complexity of the issue (toxic exposure), and the value of the interest involved." (Emphasis in original.)

The Board explained its award for services on review:

"[A]fter considering the factors set forth in OAR 438-15-010(4) and considering the time devoted to the case as

---

[1] OAR 438-15-010(4) provides:

"In any case where a referee or the Board is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a) The time devoted to the case;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) The risk in a particular case that an attorney's efforts may go uncompensated;

"(h) The assertion of frivolous issues or defenses."

represented by claimant's briefs, we find that a reasonable fee for claimant's counsel's services *on review* concerning the compensability issue is $2,000, to be paid by the insurer." (Emphasis in original.)

Claimant argues that "[t]he Board erred in failing to make sufficient findings from which this court can determine whether there is a reasonable basis for the Board's attorney fee awards." In setting reasonable attorney fees, the Board must consider the factors in OAR 438-15-010(4) and give an explanation for its award that is "detailed enough to inform us that it considered all of the factors and had a reasonable basis for the award." *Weyerhaeuser Co. v. Fillmore*, 98 Or App 567, 571, 779 P2d 1102, *rev den* 308 Or 608 (1989); *see also Diamond Fruit Growers v. Davies*, 103 Or App 280, 796 P2d 1248 (1990). The Board's opinion explains how it made what it determined to be a "reasonable" award under the circumstances. That explanation suffices under the rule.

Affirmed.