Argued and submitted April 17, award of attorney fees vacated and remanded for reconsideration October 30, 1996

In the Matter of the Compensation of
Lois J. Schoch, Claimant.

Lois J. SCHOCH,
*Petitioner,*

*v.*

LEUPOLD & STEVENS
and Liberty Northwest Insurance Corporation,
*Respondents.*

(93-12032; 93-08669; CA A88999)

925 P2d 1253

Meagan A. Flynn argued the cause for petitioner. With her on the brief was Pozzi Wilson Atchison.

Alexander Libmann argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

■ Claimant seeks review of an order of the Workers' Compensation Board awarding attorney fees of $4,200 pursuant to ORS 656.386(1), for claimant's successful challenge of employer's denial of two of her conditions. She contends that the Board erred in failing to approve her requested fee, which was based on an hourly rate of $175 for the attorney, $60 for the paralegal and a contingency multiplier of 1.5. We review the Board's award of attorney fees for an abuse of discretion, *Weyerhaeuser Co. v. Fillmore*, 98 Or App 567, 779 P2d 1102 (1989), and vacate the award and remand for reconsideration.

The standards that the Board must consider in setting a reasonable attorney fee are set out in OAR 438-15-010(4).

"(a) The time devoted to the case;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) *The risk in a particular case that an attorney's efforts may go uncompensated*; and

"(h) The assertion of frivolous issues or defenses." (Emphasis supplied.)

The Board held that it is prohibited from applying a contingency multiplier in setting claimant's attorney fee for the reason that contingency is already among the factors to be considered under OAR 438-15-010(4), and it believed that application of a multiplier would result in consideration of contingency twice.

■ We agree with claimant's contention in her first assignment of error that the Board erred when it held that, because OAR 438-15-010(4)(g) describes contingency as one of the factors to be considered in awarding the fee, the Board

is precluded from applying a multiplier. If the Board finds that there is a risk in a particular case that the attorney will be uncompensated, then the Board *must* take that risk into account pursuant to OAR 438-15-101(4)(g) in determining the reasonable attorney fee. Without deciding whether a multiplier is the exclusive way that risk can be taken into account, we conclude that a multiplier is one way that the Board *may* take into account the risk, specified in subsection (g), that the attorney will go uncompensated. However, the Board's erroneous conclusion that it is precluded from applying a multiplier does not, in and of itself, require reversal. If the Board has correctly applied the factors under the rule, and we can discern from its order that it has done so, then we would affirm the Board.

■ Claimant contends in her second assignment that the Board's order does not demonstrate that it considered the factors set forth in OAR 438-15-010(4). The rule does not specify how the Board must consider the factors or even require the Board to make findings regarding the factors, *Diamond Fruit Growers v. Davies*, 103 Or App 280, 282, 796 P2d 1248 (1990); however, we have held that the Board must at least explain the basis for the award in sufficient detail to inform the court that it has considered the factors. The Board has not done that here. Accordingly, we vacate the award of attorney fees and remand the case to the Board for reconsideration.

Award of attorney fees vacated and remanded for reconsideration.